333 P.2d 735

**STATE of Arizona, Appellant,**

v.

**Ben STOCKTON, Belton Hodges and Sunny St. Johns, Appellees.**

**No. 1127.**

Supreme Court of Arizona.

Dec. 24, 1958.

154

Robert Morrison, Atty. Gen., Melvin J. Mirkin, Asst. Atty. Gen., Charles C. Stidham, County Atty., Douglas Keddie, Deputy County Atty., Phoenix, for appellant.

Evans, Kitchel & Jenckes, Phoenix, for appellees.

PHELPS, Justice.

An information was filed against the defendants charging them with cruelty to animals in violation of A.R.S. § 13–951 in that they "conducted a cockfight, during which fight said gamecocks were subjected to needless suffering." Defendants filed a motion to quash the information up-on the ground that it does not state a public offense and in their argument contended that: (1) a gamecock is not an animal within the meaning of the statute, (2) the term "needless suffering" is limited to acts done for the purpose only of causing suffering, (3) the terms "animal" and "needless suffering" if otherwise construed are so vague and indefinite as to render the statute unconstitutional.

The trial court granted defendants' motion to quash the information without designating the ground or grounds upon which it relied. The State of Arizona then appealed to this court under the provisions of A.R.S. § 13–1712. In its appeal the State lists three assignments of error which challenge defendants' contentions, 1, 2 and 3 above. Without particular reference to any of the assignments, we believe there is but one primary issue which we will proceed to discuss after setting forth haec verba A.R.S. § 13–951, the statute involved herein. It reads as follows:

"A person who maliciously kills, maims or wounds *an animal* which is the property of another, or who, having charge or custody of *an animal* as owner or otherwise, overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, drink or shelter, cruelly beats, mutilates or cruelly kills *an animal,* or subjects *an animal* to needless suffering, or in-

flicts unnecessary cruelty upon the animal, or in any manner abuses *an animal,* or who cruelly drives, rides or otherwise uses *the animal* when unfit for labor, is guilty of a misdemeanor." [Emphasis ours.]

The question here is whether the above statute can be interpreted to manifest a legislative intent to include gamecocks in the term "an animal" as used therein. It is the contention of the State that a gamecock is an animal and that the legislature in enacting A.R.S. § 13–951 intended to make it a crime (a misdemeanor) for any person or persons, including defendants herein, to place two gamecocks in a pit and there conduct a cockfight during which fight said gamecocks are subjected to needless suffering. The defendants have taken the opposite view.

■■ The solution of the questions presented must be found in the interpretation of the statute above quoted. Biologically speaking, there can be no doubt that birds or fowls are animals and where the intent is manifest in the language of a statute the same may be and has been held to be true in the field of the law. In arriving at the intention of a statute resort will be had to the words, context, subject matter, effects and consequences, spirit and reason (or purpose) of the law, etc. Isley v. School District No. 2 of Maricopa County, 81 Ariz. 280, 305 P.2d 432. When the legislative intent is ascertained by the ap-plication of the cardinal rules of interpretation that intent must be followed. Ernst v. Collins, 81 Ariz. 178, 302 P.2d 941.

■ After a careful study of the above statute we confess we are unable to find from the words, context, subject matter, spirit or purpose of the act a clear indication of an intent on the part of the legislature to include a gamecock in the category of animals, or to make it a crime for a person or persons to conduct a cockfight wherein such gamecocks are subjected to needless suffering. To so interpret the above statute in accordance with the contentions of the State would render it vague, indefinite and uncertain and therefore in violation of the due process clause of Art. 2, § 4 of the State Constitution, A.R.S.

We said in State v. Menderson, 57 Ariz. 103, 111 P.2d 622, 624, and again in State v. Tsutomu Ikeda, 61 Ariz. 41, 143 P.2d 880, that:

"What a statute commands or prohibits in the creation of new crimes should be very definite and easily understood by the common man."

And that:

"Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts * * * to avoid." Citing many cases including in State v. Menderson, the case of Lanzetta v. State of New

Jersey, 306 U.S. 451, 59 S.Ct. 618, 619, 83 L.Ed. 888.

In Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 127, 70 L.Ed. 322, cited in State v. Menderson, supra, the court said:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

We have the highest respect for the courts which have held under statutes having some similarity to ours that turkeys, geese and other fowls were animals, but we are unwilling to say that our statute is sufficiently clear and definite as a criminal statute to give notice to the ordinary man that it subjected him to prosecution if he engaged in conducting a cockfight wherein needless suffering is inflicted upon a gamecock.

Our conclusion is that the legislature did not express an intention to include birds or fowls within the purview of A.R.S. § 13–951. This renders further discussion of the matter superfluous.

The legislature will soon convene and if it so desires it can make a direct approach to the act complained of by making cockfighting an offense against the State. It will then be understood to be a criminal offense by the ordinary layman and he will then know what is and what is not forbidden by the law.

The order of the trial court quashing the information is affirmed and it is so ordered.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.