395 P.2d 532

**PHOENIX TITLE & TRUST COMPANY, an Arizona corporation, as Trustee, Appellant,**

v.

**B. W. BURNS, Ruth A. O'Neil, and L. Alton Riggs, as Members of the Board of Supervisors of Maricopa County, a political subdivision of the State of Arizona, Appellee.**

**No. 8076.**

Supreme Court of Arizona.

En Banc.

Sept. 30, 1964.

Murphy, Posner & Franks, Phoenix, for appellant.

Charles N. Ronan, Maricopa County Atty., and Courtney L. Varner, Deputy County Atty., for appellee.

UDALL, Chief Justice.

This is an appeal by the Phoenix Title and Trust Company, hereinafter referred to as the appellant, from the Superior Court judgment quashing the alternative writ of mandamus sought by the appellant to direct the members of the Board of Supervisors of Maricopa County to set a hearing on a petition filed by the appellant for the establishment of an improvement district.

On May 3, 1963, the appellant filed a petition with the Board of Supervisors of Maricopa County requesting the formation of an improvement district known as "Holiday Gardens Improvement District

No. 1," pursuant to A.R.S. Sections 11–702 (1956) and 11–703 (1956), for the purpose, *inter alia,* of acquiring by gift and maintaining a park, swimming pool, and other recreational facilities. On May 6, 1963, the Board of Supervisors refused to set a hearing regarding the formation of the improvement district, as required by A.R.S. Section 11–705(A) (1959), for the reason that, in the opinion of the Board, the proposed purpose of the improvement district, as indicated by the allegations contained in the petition is illegal as being beyond the purview of the County Improvement District statute. The specific objection by the Board went to the construction or maintenance of a park, swimming pool, and other recreational facilities.

On May 8, 1963, the appellant sought an alternative writ of mandamus which was issued directing the Board members to appear and show cause why they refused to set the hearing on the petition for the improvement district.

The Superior Court entered judgment quashing the alternative writ of mandamus, sustaining the Board's contention that the proposed purpose of the improvement district was beyond the purview of Title 11, Chapter 5, Article I of Arizona Revised Statutes authorizing the creation of county improvement districts.

After an unsuccessful motion to vacate the judgment, the appellant brought this appeal. The sole issue on this appeal involves the interpretation of the meaning of the language "other local improvements" as it is used in A.R.S. Section 11–702(A) (1956). This statute provides:

> "An improvement district may be established in any unincorporated area by the board of supervisors of the county in which the proposed district is located, for the purpose of making *street, sewer and other local improvements,* through special assessments in such districts, or the issuing of bonds for improvements, and levying taxes for the operation and maintenance of such improvements and of streets within the district." (emphasis added).

The appellant contends that the words "other local improvements" in the statute authorize the formation of an improvement district for the purpose of acquiring by gift and maintaining a park with a swimming pool and other recreational facilities. It should be noted here that the appellant is merely seeking to require the board of supervisors to set a hearing on the proposed improvement pursuant to A.R.S. Section 11–705 (1959). Upon the hearing, the board in its discretion may dismiss the proceedings pursuant to A.R.S. Section 11–706 (1956), if it finds that the public convenience, necessity or welfare will not be promoted by the establishment of the district.

Thus, the question narrows to whether a park, in the first instance, is the proper

subject of a county improvement district as authorized by Title 11, Chapter 5, Article I of Arizona Revised Statutes.

■ In determining the meaning of a statute, the cardinal rule is of course to ascertain and give effect to the intention of the legislature. Payne v. Knox, 94 Ariz. 380, 385 P.2d 514 (1963). In determining the intent of the legislature the Court will take into consideration the meaning naturally attaching to the words used and will adopt that meaning of words which best harmonizes with the context. Moore v. Arthur Realty Corp., 95 Ariz. 70, 386 P.2d 795 (1963). In addition the Court will apply the rules of statutory construction of *expressio unius est exclusio alterius* and *ejusdem generis,* where applicable, as approved by this Court in Lewis v. Industrial Commission, 93 Ariz. 324, 380 P.2d 782 (1963) and State Board of Barber Examiners v. Walker, 67 Ariz. 156, 192 P.2d 723 (1948), respectively.

A.R.S. Section 11–709(A) (1956) enumerates the purposes for which public improvements may be undertaken. The bulk of the specific purposes mentioned are concerned generally with street and sewer improvements or projects related thereto. There is no express mention of parks, swimming pools, or other recreational facilities. A.R.S. Section 11–710(A) (1956) mentions, *inter alia,* places, courts and grounds as being subject to improvement and maintenance under this article. The appellant contends that the words places, courts and grounds have been construed in some cases to mean "park." However, these decisions are applicable only to the peculiar fact situation out of which the decisions arose. In addition, A.R.S. Section 11–701(15) (1956) defines "street" as including "avenues, alleys, highways, lanes, crossings, intersections, *courts, places,* and *grounds,* * * *." (emphasis added).

■ Taking the above rules of statutory construction into consideration, first the express enumeration of the specific purposes for which public improvements can be made impliedly excludes parks, swimming pools, or other recreational facilities. It hardly appears that parks, etc. can be reasonably inferred from this list of specific purposes. Also, applying the rule of *ejusdem generis,* parks, swimming pools and other recreational facilities do not fall into the same class or general nature of the items enumerated in A.R.S. § 11–709(A) (1956) which are generally limited to street and sewer improvements and related projects.

■ It should be further noted that as a general rule, the power and authority delegated to a municipal or quasi-municipal corporation to construct local improvements and levy assessments for payments is to be strictly construed, and every reasonable doubt as to the extent or limitation of the power and authority should be resolved against the taxing power and in favor of

**336**

the taxpayer. Besack v. City of Beatrice, 154 Neb. 142, 47 N.W.2d 356 (1951); Mc-Quillin, Municipal Corporations, § 38.07 (1950).

If parks, swimming pools, or other recreational facilities are to be the proper subject of a county improvement district, it is up to the legislature and not the courts to extend that power.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCK-MEYER, BERNSTEIN, and SCRUGGS, JJ., concur.