404 P.2d 89

The STATE of Arizona, Plaintiff,

v.

A. B. ROBBS TRUST COMPANY, an Arizona Corporation, Defendant.

No. 1513.

Supreme Court of Arizona.

En Banc.

July 15, 1965.

Robert K. Corbin, County Atty. Maricopa County, Thomas A. McCarthy, Jr., Deputy County Atty. Maricopa County, Phoenix, for plaintiff.

Dow Ben Roush, Phoenix, Allen L. Feinstein, Richard Kamps, Phoenix, of counsel, for defendant.

Ernest F. Modzelewski, Phoenix, amici curiae, Arizona Mortgage Bankers Ass'n and Savings and Loan League of Arizona.

LOCKWOOD, Chief Justice.

This proceeding was brought before this court on a question of law certified by the Superior Court in Maricopa County pursuant to Rule 346 of the Rules of Criminal Procedure, 17 A.R.S. An information was filed against defendant for demanding payment other than an insurance premium pursuant to Arizona Revised Statutes § 20–471. Defendant moved to quash the information on the grounds that the information did not charge the defendant with the commission of an offense and that A.R.S. § 20–471 is unconstitutionally vague. The Superior Court finding that the motion to quash raised a question of law which was so important and doubtful as to require a decision of this court, with the consent of the defendant certified the following question:

"Whether a charge made by a mortgagee, vendor, holder, or lender, for the service of renewing, approving and recording upon its records and accounts a change in insurance on the collateral security for a loan, is a charge for payment of an amount for insurance within the prohibition of Arizona Revised Statutes section 20–471."

The statement of facts as presented to this court, is as follows:

Defendant is the mortgagee of a mortgage, serviced by it under Loan No. 35–245234, covering the home of a Mrs. Doris Igleski. Prior to July 30, 1964, this home and the mortgage which it secured were covered by a fire insurance policy number H 555007, issued by Northern Insurance Company.

On June 30, 1964, Mrs. Igleski wrote to defendant, advising that she had cancelled the above-described policy and had procured a new fire insurance policy number H 960597, with Superior Risk Insurance Company. With that letter she enclosed a copy of the policy which she authorized defend-

ant to accept in lieu of the former policy and to make the appropriate corrections in its records.

By letter dated August 7, 1964, defendant informed Mrs. Igleski that, following receipt of her letter and the new insurance policy, it had performed the following services:

1. Examined the limits of coverage required under the mortgage, the mortgagee's clause in the new policy, the legal description and address of the property, and the correctness, of the insured's name;

2. Determined that the new policy was acceptable to it as mortgagee and that the policy would be held in lieu of the former policy;

3. Received from the insurance agency which issued the new policy a receipt showing payment in full of the first year's premium and computed the amount in the insurance impoundment account reflecting such payment;

4. Returned the former policy to the issuing agency with the request to refund any unearned premiums to Mrs. Igleski; and

5. Entered the new policy on its records.

As compensation for the above-described services performed by the defendant for Mrs. Igleski, defendant charged her the sum of $7.50. Because it made this charge, defendant now stands accused of committing a misdemeanor, in violation of Arizona Revised Statutes, § 20-471, for which it may be punished by a fine of up to $500.[1] Each violation of that section is punishable by a fine not to exceed $500 (A.R.S. § 20-473) and accordingly constitutes a crime under the criminal code of Arizona (A.R.S. § 13-101).

The defendant claims that the words "for insurance" in A.R.S. § 20-471 do not include the charges made by the defendant for services "related to insurance on collateral security or having some connection with insurance," but rather that the statute makes it unlawful for a mortgagee to charge "for insurance". The defendant claims that the charges which form the gravamen of the information herein were not "for insurance". Here we have the question of whether the above statute manifests an intent by the Legislature to include such charges as those made by the defendant.

We are faced here with determining whether it was the legislative intent that a

---

1. Arizona Revised Statutes, § 20-471: "It shall be unlawful for any mortgagee, vendor, holder, or lender to charge either an insurance company, insurance agency, borrower, mortgagor or purchaser with payment of any amount for insurance on the collateral security for a loan other than the insurance premium."

situation in which the defendant made charges "on account of" insurance or "with relation to" insurance was included within the coverage of the phrase "for insurance". What do the words "for insurance" mean? We find in Webster's Third New International Dictionary that the definitions, and there are many of them, of the word "for" take up over one hundred lines and that there are over forty definitions of it.

We have examined the language of the statute A.R.S. § 20–471 for what we believe to be every conceivable significance and we are wholly unable to conclude what act or acts the Legislature intended to prohibit. Hence, although the court below did not certify the constitutionality of the statute as the question proposed to this Court, we are compelled to the conclusion that it must be held to be unconstitutional.

This court has held in determining the legislative intent in a criminal statute:

> "What a statute commands or prohibits in the creation of new crimes should be very definite and very easily understood by the common man." State v. Menderson, 57 Ariz. 103, 111 P.2d 622. See also State v. Ikeda, 61 Ariz. 41, 143 P.2d 880.

We also held in Menderson, supra, that if the Legislature declares a crime in words which are not definite and includes acts which are not "commonly recognized as reprehensible", such a statute is vague. In Menderson, supra, we cited Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322, to the effect:

> " 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' '

We confess we are unable to find from the words, context, subject matter or spirit or purpose of A.R.S. § 20–471 a clear indication of an intent on the part of the Legislature to include the acts charged in the information herein. State v. Stockton, 85 Ariz. 153, 333 P.2d 735. Indeed, it is impossible for us to determine what acts the Legislature was including within the confines of A.R.S. § 20–471. Since the phraseology in the statute is so vague and indefinite, an information or indictment pursuant to it would deprive a defendant of due process of law in violation of Article II, § 4 of the Arizona Constitution, A.R.S.

We answer the question which was certified to us by the Superior Court in the negative, and hold that A.R.S. § 20–471 is unconstitutional.

STRUCKMEYER, V. C. J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concurring.