747 P.2d 629

**STATE of Arizona, Appellee,**

v.

**Carlos Villa RAMOS, Appellant.**

**Nos. 1 CA–CR 10936 to 1 CA–CR 10938.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 24, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

OPINION

CONTRERAS, Judge.

This appeal presents the question of how many felony assessments the trial court may impose at a single sentencing proceeding upon a person who stands convicted of multiple felonies. This requires an interpretation of A.R.S. § 13–812 [1], which provides in part that "each person convicted of a felony shall be assessed a penalty of [o]ne hundred dollars." In the present case, appellant was tried by a jury and convicted of two felonies in Maricopa County Superior Court No. CR–159523. He entered *Alford* pleas of guilty to two additional felonies in Maricopa County Superior Court Nos. CR–159668 and CR–159851. At the single sentencing proceeding, the trial court imposed a penalty assessment of $100 on each of the four felony counts for a total of $400. Appellant argues that there should have been only one $100 felony penalty assessment, not four $100 felony penalty assessments as ordered by the trial court. We disagree.

We hold that A.R.S. § 13–812 requires that an individual be assessed a separate $100 felony penalty for each felony of which he or she is convicted. Accordingly, the trial court properly imposed four $100 felony penalty assessments upon appellant for his four felony convictions at the single sentencing proceeding.

**I. PROCEDURAL BACKGROUND**

On November 4, 1986, in Maricopa County Superior Court No. CR–159523, a jury found appellant guilty of second degree burglary, a class 3, nondangerous repetitive felony, and theft, a class 3, nondanger-

---

1. A.R.S. § 13–808 was enacted by Laws 1985, ch. 362, § 1. It was renumbered as § 13–812 by Laws 1986, ch. 248, § 6. Because A.R.S. § 13–808 was renumbered as § 13–812 without any amendments or changes, all references will be to the renumbered statute.

ous repetitive felony. Appellant admitted that he had two prior felony convictions.

On November 4, 1986, after the jury entered its verdict in CR–159523, appellant entered into a plea agreement pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which he pled guilty to (1) burglary in the third degree with two prior felony convictions, a class 4 nondangerous repetitive felony (CR–159668); and (2) possession of narcotic drugs with two prior felony convictions, a class 4 nondangerous repetitive felony (CR–159851). The plea agreement also provided that there would be a mandatory assessment of $100 for each felony count pursuant to A.R.S. § 13–812. In exchange, the state agreed to dismiss Counts II and III in CR–159668 and the allegation of a third prior conviction in CR–159668 and CR–159851. The state also stipulated that the sentences imposed in CR–159668 and CR–159851 would run concurrently to each other and concurrently with the sentences imposed in CR–159523. At the change of plea hearing, the trial court clearly informed appellant that he would be assessed a $100 felony penalty for each felony count.

Appellant's three cases (CR–159523, CR–159668, and CR–159851) were then consolidated for sentencing. On December 2, 1986, the trial court sentenced appellant to: (1) two presumptive terms of 11.25 years for the burglary and theft convictions in CR–159523; (2) a presumptive term of 10 years for the burglary conviction in CR–159668; and (3) a presumptive term of 10 years for the possession of narcotic drugs conviction in CR–159851. The trial court ordered that all sentences imposed in the three cases run concurrently to each other. The trial court, pursuant to A.R.S. § 13–812, also ordered appellant to pay four $100 felony penalty assessments for his four felony convictions, totalling $400, broken down as follows: (1) $100 for the burglary conviction and $100 for the theft conviction in CR–159523; (2) $100 for the burglary conviction in CR–159668; and (3) $100 for the possession of narcotic drugs conviction in CR–159851.

## II. FELONY PENALTY ASSESSMENT STATUTE

Appellant first argues that the language of § 13–812 unambiguously requires that the $100 felony penalty assessment be imposed on a "per person" basis and not on a "per felony conviction" basis. Appellant concludes that, since the trial court misinterpreted § 13–812 and imposed four $100 felony penalty assessments upon him for his four felony convictions, the trial court erred and the amount of the felony penalty assessment imposed upon him should be reduced to $100.

Our analysis begins with an examination of the language of § 13–812. Specifically, A.R.S. § 13–812 provides:

A. In addition to any other fine or assessment, each person convicted of a felony shall be assessed a penalty of:

1. One hundred dollars if the person is an individual.

2. Five hundred dollars if the person is an enterprise.

B. Monies received pursuant to this section shall be transferred to the victim compensation fund established pursuant to section 41–2401.01.

As previously stated, the critical determination is the interpretation of the phrase "each person convicted of a felony shall be assessed a penalty" as set forth in § 13–812.

The primary rule of statutory interpretation is to determine the statute's meaning and the legislature's intent in enacting it. *Kriz v. Buckeye Petroleum Co., Inc.*, 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985); *Calvert v. Farmers Ins. Co. of Arizona*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985); *Long v. Dick*, 87 Ariz. 25, 28, 347 P.2d 581, 583 (1959). In addition, "A.R.S. § 1–211(A) gives us the clear direction to honor the intent of the legislature" in interpreting statutes. *State v. Sweet*, 143 Ariz. 266, 271, 693 P.2d 921, 926 (1985).[2] To arrive at

---

**2.** A.R.S. § 1–211(A) provides: "The rules and the definitions set forth in this chapter shall be observed in the construction of the laws of the state unless such construction would be incon-

the legislative intent, we look to the statute's words, context, subject matter, effects and consequences, reason or purpose, and spirit of the law. *State ex rel. Flournoy v. Mangum*, 113 Ariz. 151, 152, 548 P.2d 1148, 1149 (1976); *State v. Stockton*, 85 Ariz. 153, 155, 333 P.2d 735, 736 (1958).

We first consider the wording in § 13–812. Legislative intent is first to be determined from the statute's language and if that language is plain and unambiguous, leading to only one meaning, we must follow that meaning, for it is presumed to be what the legislature intended. *Members of Board of Education of Pearce U.H.S. Dist. v. Leslie*, 112 Ariz. 463, 465, 543 P.2d 775, 777 (1975); *Marquez v. Rapid Harvest Co.*, 89 Ariz. 62, 64, 358 P.2d 168, 169–70 (1960). In considering the wording of § 13–812, we consider the ordinary meaning of the words and adopt the meaning which best harmonizes with the context of the statute. *State v. Wise*, 137 Ariz. 468, 470, 671 P.2d 909, 911 (1983); *Phoenix Title and Trust Co. v. Burns*, 96 Ariz. 332, 335, 395 P.2d 532, 533 (1964).

Considering the language of the phrase "each person convicted of a felony shall be assessed a penalty" in § 13–812, we conclude that, regardless of the fact that sentencing is based upon multiple felony convictions, this language contemplates that an individual be assessed a penalty for each felony of which he or she is convicted. First, the inclusion of the article "a" in the phrases "a felony" and "a penalty" supports this conclusion. Resorting to *Webster's New International Dictionary* (3rd ed. 1981), we find a number of varying meanings for the article "a." Among the meanings is: "4c: ANY, EACH." Similarly, *Black's Law Dictionary* states that the article "a" is not necessarily a singular term and is often used in the sense of "any" applied to more than one individual object. *Black's Law Dictionary* 1 (5th ed. 1979). The word "any" may be employed to indicate "all" or "every," and its meaning in a given statute depends upon the context and subject matter of the statute. *Id.* at 86. If a word in a statute has two or more definitions according to the standard dictionaries, the definition that will best subserve the general purpose for which the statute was enacted should be adopted. 73 Am.Jur.2d *Statutes* § 223 (1974). Although there are other meanings listed for the article "a" in *Webster's New International Dictionary* and *Black's Law Dictionary*, we believe the legislature had meanings similar to "each," "any," and "every" in mind when choosing this word.

Second, had the legislature intended to impose only one felony penalty assessment upon an individual regardless of the number of felony convictions, it would no doubt have embodied that limitation in the plain language of the statute. Surely, the legislature contemplated the not infrequent scenario of an individual being convicted of numerous felonies and could have provided for appellant's interpretation if it so desired. For example, had the legislature decided to adopt appellant's interpretation, it could have utilized a phrase like "each person convicted of one or more felonies shall be assessed only one penalty," rather than the phrase it adopted. It did not do so. This indicates that the legislature's intent in enacting § 13–812 was to impose a felony penalty assessment upon an individual for each felony conviction.

Third, we note that, in interpreting a statute, it should be given a sensible construction that will accomplish the legislative intent and purpose while avoiding an absurd conclusion or result. *State v. Weible*, 142 Ariz. 113, 118, 688 P.2d 1005, 1010 (1984); *State ex rel. Flournoy v. Mangum*, 113 Ariz. 151, 152, 548 P.2d 1148, 1149 (1976). Appellant would have us hold that § 13–812 requires that an individual convicted of multiple felonies and sentenced for them in a single proceeding be assessed only one $100 felony penalty. The results of such an interpretation are illogical and absurd because the number of felony penalty assessments imposed upon an individual would depend, not upon the number of felony convictions, but whether the sentences for those felony convictions were imposed in a single proceeding.

sistent with the manifest intent of the legislature."

The present case illustrates the incongruous result that would flow from appellant's interpretation of § 13–812. If appellant had been convicted of and sentenced for the four felonies in separate proceedings, the clear language of § 13–812 requires separate $100 felony penalty assessments. That being true, it cannot be supposed that the legislature intended that appellant could be convicted of and sentenced for the same four felonies in one proceeding and be subject to only a single $100 felony penalty. It is unlikely that the legislature intended that the imposition of single or multiple assessments would turn solely upon the chance that offenses were tried and sentenced separately or in conjunction with other felonies. We reject the notion that § 13–812 can reasonably be construed to require the imposition of only one assessment per individual at one time. Such a reading is illogical.

Finally, and in further support of our interpretation, we turn to the legislature's aims and purposes in enacting the statute. *Cohen v. State,* 121 Ariz. 6, 9, 588 P.2d 299, 302 (1978). The reason for the legislature's enactment of § 13–812 is set forth in the statute itself. Subsection (B) prescribes exactly how the revenue generated by the imposition of felony penalty assessments is to be used: "Monies received pursuant to this section shall be *transferred to the victim compensation fund* established pursuant to section 41–2401.01." (Emphasis added).[3] A.R.S. § 41–2407, entitled "Victim compensation fund," provides in part:

A. The victim compensation fund is established, consisting of monies collected pursuant to § 13–812. The Arizona criminal justice commission shall administer the fund.

B. The Arizona criminal justice commission shall allocate monies in the victim compensation fund to public and private agencies *for the purpose of establishing, maintaining and supporting programs that compensate victims of crime.*

A.R.S. § 41–2407 (Supp.1987) (emphasis added). Our examination of § 13–812 and the statute to which it refers (§ 41–2407) discloses that the legislature's primary aim was to establish and maintain support programs that compensate victims of crime.

It appears to us, upon reviewing the statute, that the legislature intended to compensate victims of crime as completely as possible. Interpreting § 13–812 on a "per felony conviction" basis supports the legislative intent since it will generate more money for the fund and allow the victim compensation fund to more readily fulfill the legislative mandate of compensating victims. It would frustrate the obvious legislative intent to interpret the statute as requiring only one felony penalty assessment per person, especially when, as here, that person has been convicted of multiple felonies perpetrated upon multiple victims.

### III. RULE OF LENITY

As an alternative argument, appellant argues that the language of § 13–812 is ambiguous and, therefore, this court should invoke a statutory rule of construction—the rule of lenity—and construe any ambiguity in the terms of the statute in his favor. Appellant cites *State v. Pena,* 140 Ariz. 545, 683 P.2d 744 (App. 1983). There is no merit to this argument. It is sufficient to note that courts do not resort to the rule of lenity unless the statute is deemed ambiguous because neither the language of the statute nor its legislative intent point clearly to a certain meaning. *Albernaz v. United States,* 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275, 284 (1981); *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, 205 (1958) (cited with approval in *State v. Pena* ). Appellant misconstrues *State v. Pena* since the Arizona Supreme Court did not resort to the rule of lenity until it had first determined that the statute was "[a]bsent any expression of legislative intent." 140 Ariz. at 549, 683 P.2d at 748. Since we are not confronted with any

---

3. A.R.S. § 41–2401.01 was renumbered as § 41–2407 and amended by Laws 1987, ch. 307, §§ 41 and 77. As of this date, A.R.S. § 13–812 has not been amended to reflect this renumbering. All future references will be to the renumbered statute.

ambiguity in § 13–812, the rule of lenity is not applicable to this case.

## IV. CONCLUSION

We hold that § 13–812 requires that an individual be assessed a separate $100 felony penalty for each felony of which he or she is convicted. Consequently, the trial court did not err in its interpretation of § 13–812 and properly imposed a total of $400 in felony penalty assessments upon the appellant for his four felony convictions at his single sentencing proceeding.

The judgment and sentence of the trial court is affirmed.

GREER, J., concurs.

FIDEL, Judge, concurring:

Unlike my colleagues, I find no answer to the issue of this case in the wording of § 13–812. Though the statute tells us explicitly how to penalize "each person convicted of a felony," it does not tell us explicitly how to penalize a person convicted of more than one felony. If one looked at nothing but the statutory language, one could not answer that question. We are not so limited, however. In seeking legislative intent, as my colleagues point out, we look also to the statute's "context, subject matter, effects and consequences, reason or purpose, and spirit of the law." I find no ambiguity in these factors. I do not believe the legislature intended the $100 victim compensation fund assessment as a kind of pass, covering the payor for as many felonious acts as he might load into a single sentencing. Because I find no ambiguity in the legislature's purpose, and because I concur in my colleagues' conclusion that the rule of lenity is inapplicable where legislative intent is clear, I join in affirming the trial court's judgment and sentence.