836 P.2d 460

**STATE of Arizona, Appellee,**

v.

**William T. RIVERA, Appellant.**

**No. 1 CA–CR 90–0843.**

Court of Appeals of Arizona, Division 1, Department D.

July 28, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

## OPINION

TAYLOR, Presiding Judge.

William T. Rivera ("defendant") timely appeals from the judgments of guilt and the sentences imposed upon his pleas of guilty in the trial court. For the reasons stated below, we affirm in part and vacate in part.

## PROCEDURAL HISTORY

Pursuant to a plea agreement, defendant pled guilty to two counts of attempted sexual conduct with a minor, class 3 felonies and dangerous crimes against children. In accordance with the parties' agreement, the trial court sentenced defendant on count I to a mitigated five-year prison term. The court also ordered that if defendant was released prior to that time, he was to serve one full year in the Maricopa County Jail. The trial court credited defendant with twenty-six days of presentence incarceration. On count III, the trial court suspended the imposition of sentence and placed defendant on lifetime probation, as provided in the plea agreement. As a condition of probation, the trial court ordered defendant to serve one full year in the Maricopa County Jail if he was released from the Department of Corrections before his five-year sentence on count I was completed. Defendant was ordered to pay a $100.00 felony assessment on each count. In return for defendant's pleas, the State agreed to dismiss the remaining three counts of the indictment. The court subsequently ordered defendant to pay an $8.00

time payment fee as to each count. Defendant timely appealed, raising three issues.

## DISCUSSION

Defendant argues that the record contains an insufficient factual basis to support his guilty plea to count III. The basis of defendant's argument is the following exchange which took place at the change-of-plea hearing:

THE COURT: Mr. Rivera, in order for me to establish a factual basis for a plea of guilty on your part, I need for you, in your own words, tell me what it was that you did that led up to the filing of these charges against you?

THE DEFENDANT: I placed my mouth on [X's] penis.

THE COURT: That was a child under the age of, approximate age of seven or ten or 11; isn't that correct?

THE DEFENDANT: Seven or eight. Seven, I think, at the time.

MR. STORRS: And then count 3 is [Y], the same date.

THE COURT: You performed the sexual act on a male child of the approximate age of 11 years?

THE DEFENDANT: Correct.

THE COURT: Those were both done in Maricopa County, Arizona?

THE DEFENDANT: Correct.

■ Before a trial court may accept a defendant's plea, a factual basis must be established showing the defendant's commission of the offense. Ariz.R.Crim.P. 17.3. The factual basis may be established by the entire record or any part thereof. *State v. Wallace*, 151 Ariz. 362, 365, 728 P.2d 232, 235 (1986), *cert. denied*, 483 U.S. 1011, 107 S.Ct. 3243, 97 L.Ed.2d 748 (1987). While statements made by a defendant at a change-of-plea hearing need not be the sole basis in determining whether the plea has a factual basis, *State v. Brooks*, 156 Ariz. 529, 530, 753 P.2d 1185, 1186 (App.1988), there must be sufficient evidence presented on each element of the crime to support defendant's plea. *State v. Wallace*, 151 Ariz. at 365, 728 P.2d at 235. In other words, the trial court must be satisfied that

there is "strong evidence" of defendant's guilt, not that defendant is guilty beyond a reasonable doubt. *Id.*

■ Here, defendant's admission that he "performed the sexual act" was made immediately after he admitted a specific sexual act with the minor's younger brother. In addition to this admission, the extended record, including police reports filed with the court, detail defendant's sexual contact with the minor named in count III. We find from the record that there is strong evidence of defendant's guilt and that the evidence is sufficient to support a finding of a factual basis by the trial court.

Defendant next argues that the trial court exceeded its sentencing authority in imposing a one-year jail sentence on felony count I. Defendant urges that we vacate this portion of his sentence.

■ The plea agreement provided that the one-year jail term was to be a condition of probation and that it would be inapplicable unless defendant was released from the Department of Corrections in less than five years. After sentencing the defendant to a term of five years in the Department of Corrections in count I, the court stated, "[I]t is further ordered in the event that you do not serve a full five years in the Department of Corrections, if you are released prior to that time, you will report immediately to the Maricopa County Jail where you will serve one full year in Maricopa County Jail." In count III, the trial court sentenced defendant to lifetime probation. After imposing the standard terms of probation, the trial court stated, "And, as an addition, as I have said, the jail term that is being—the jail term that's being imposed in connection with count 1 is applicable if you are released from the Department of Corrections before completing the full five year term on the other count."

Upon reviewing the record, we conclude that the trial court exceeded its authority in imposing the one-year jail sentence in count I. The State has cited us no authority and we have found none that would permit the court to sentence defendant both to the Department of Corrections and to the county jail for the same offense in

the manner done here. Accordingly, we vacate the one-year jail sentence imposed in count I but affirm the one-year jail sentence imposed in count III as a term of probation.

Finally, defendant argues that the trial court improperly imposed an $8.00 time payment fee on both counts. Defendant contends that one of the two time payment fees should be vacated. We agree.

Pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–116(A), "a fee of eight dollars shall be assessed on *each person* who pays a court ordered penalty, fine, or sanction on a time payment basis.... A time payment basis shall be any penalty, fine, or sanction not paid in full on the date the court imposed the fine, penalty or sanction." (Emphasis added.) Defendant argues that this language gives the trial court authority to impose the $8.00 time payment fee on each person, not for each count, at the time of sentencing.

The State contends that the language of A.R.S. § 12–116 reflects a legislative intent to impose the time payment fee for each monetary assessment that is not paid in full on the date it is imposed by the trial court. The State argues that the "each person" language of A.R.S. § 12–116(A) is similar to the language found in A.R.S. § 13–812(A), pertaining to felony assessments. Under A.R.S. § 13–812(A), *"each person* convicted of a felony shall be assessed a penalty of: (1) One hundred dollars if the person is an individual...."* (Emphasis added.) Citing *State v. Ramos*, 155 Ariz. 468, 747 P.2d 629 (App.1987), the State contends that the "each person" language requires the time payment fee to be assessed per monetary assessment rather than on a per person basis.

"The primary principle of statutory interpretation is to determine and give effect to legislative intent." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). The legislative intent is determined by considering such factors as "the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose." *Id.*

In *Ramos*, the defendant was assessed four $100.00 felony assessments for four felony convictions, 155 Ariz. at 468, 747 P.2d at 629. The court in *Ramos* concluded that the legislative intent of A.R.S. § 13–812(A) required the felony assessment to be assessed on a per felony conviction basis rather than on a per person basis. *Id.* at 469–71, 747 P.2d at 630–32.

We are unpersuaded that the court's reasoning in *Ramos* is applicable to this case. In *Ramos*, the point of focus triggering the multiple assessments was the number of felonies committed by the defendant. *Id.* at 470, 747 P.2d at 631. The purpose of the assessment was to provide a fund for the reimbursement of victims of crime. *Id.* at 471, 747 P.2d at 632; A.R.S. § 41–2407. Here, the triggering event is the impoverished condition of the defendant. The stated purpose of the time payment fee is to enhance judicial collection programs, to improve court automation and case management, and to provide a fund for public defender training. A.R.S. § 12–116(B). We do not believe these disparate factors and purposes merit similar treatment, nor do we find such a legislative intent.

A review of the legislative history of A.R.S. § 12–116 indicates that the fee is to be imposed on those who are ordered to pay a fine or assessment in installments rather than in full at the time of sentencing. The legislative history also reveals some concern of the assessment's effect on those least able to afford it. A person may choose to commit multiple felonies, victimizing numerous people. Under such circumstances, multiple contributions to the victim compensation fund are entirely consistent with the intent of the legislature. One, however, normally does not choose to be poor. Even if one is indigent by choice, the status of poverty does not equate to felonious conduct. To order a defendant to pay a time payment fee on a per felony conviction basis would be, in our opinion, both unfair to an indigent defendant and contrary to the intent of the legislature. Accordingly, we vacate the trial court's

judgment ordering defendant to pay the $8.00 time payment fee on count III.

## CONCLUSION

We affirm the trial court's finding of a factual basis as to count III. We vacate the one-year jail sentence imposed in count I and vacate the time payment fee imposed in count III. Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none.

GERBER and EHRLICH, JJ., concur.