854 P.2d 1193

**STATE of Arizona, Appellee,**

v.

**Michael Dean REYNOLDS, Appellant.**

**Nos. 1 CA–CR 92–1318,
1 CA–CR 92–1319.**

Court of Appeals of Arizona,
Division 1, Department D.

April 27, 1993.

Redesignated as Opinion June 8, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Brent E. Graham, Deputy Public Defender, Phoenix, for appellant.

## OPINION

Judges JOHN L. CLABORNE, NOEL FIDEL, and PHILIP E. TOCI have reviewed and considered the briefs in this appeal.

On May 12, 1992, appellant Michael Dean Reynolds (defendant) entered into two separate plea agreements in two separate cause numbers. On both charges he pled guilty to attempted molestation of a child, class three felonies and dangerous crimes against children.

The court sentenced defendant to an aggravated term of twelve years imprisonment on cause number 92–90335, and on cause number 92–91270, the court suspended sentencing and granted defendant lifetime probation. The court also ordered defendant to pay $100 to the Victims' Compensation Fund and an $8 time payment fee for cause number 92–90335. For cause number 92–91270, the court imposed another $108 in mandatory assessments, $175 in restitution, and a $30 monthly probation fee.

Defendant claims, the State agrees, and we find that the trial judge improperly imposed an $8 time payment fee on each cause number pursuant to Ariz.Rev.Stat. Ann. (A.R.S.) section 12–116(A) (1992). Section 12–116(A) requires *each person* the court orders to pay a fine to pay an $8 time payment fee if he or she cannot pay the fine in full on the date imposed. In *State v. Rivera*, 172 Ariz. 247, 836 P.2d 460 (App. 1992), we held that a court can assess an $8 time payment fee only on a per person, not a per felony conviction, basis. Although *Rivera* involved several crimes charged under one cause number and this case involves two separate crimes under their own individual cause numbers, the result is the same. The reason for applying the $8 fee on a per person basis is to avoid penalizing an indigent defendant who cannot pay his fines in full at the time of sentencing. *Id.*

Having reviewed the record for fundamental error pursuant to A.R.S. section 13–4035 (1989) and finding none, we modify the trial court's sentence to include only one $8 time payment fee.