868 P.2d 976

**STATE of Arizona, Appellee,**

**v.**

**James E. PENNINGTON, Appellant.**

**Nos. 1 CA–CR 92–0521, 1 CA–CR 92–0522.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 10, 1993.

Redesignated as Opinion Oct. 14, 1993.

Review Granted March 16, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

OPINION

GERBER, Presiding Judge.

This appeal has been authored by Presiding Judge RUDOLPH J. GERBER with Judges EINO M. JACOBSON and PHILIP E. TOCI participating.

James E. Pennington appeals from the trial court's imposition of two $8.00 time payment fees and what he contends is inadequate presentence incarceration credit. For the reasons which follow, we affirm imposition of the time payment fees but modify presentence incarceration credit.

## FACTS AND PROCEDURAL HISTORY

We refer to the case numbers in the superior court.

### I. Case Number CR 91-08103

Pennington was arrested and taken into custody on September 30, 1991 for possession of crack cocaine. He posted bond and was released on October 3, 1991. He was rearrested on February 27, 1992.

### II. Case Number CR 91-09658

Pennington was arrested and taken into custody on November 19, 1991 after attempting to conceal a film canister containing crack cocaine. He posted bond and was released on February 12, 1992. He was rearrested on February 20, 1992.

### III. Sentencing

Pennington was sentenced for both crimes on March 19, 1992. Because he had six prior felony convictions, the trial court sentenced him to two aggravated, concurrent twelve-year terms.

In case number CR 91-08103, the trial court ordered him to pay a $2,000 fine, a $100 felony assessment fee and an $8.00 time payment fee in monthly installments. He was given 113 days of presentence incarceration credit.

In case number CR 91-09658, the trial court ordered him to pay a $2,000 fine and a $100 felony assessment fee in monthly installments. He was given 117 days of presentence incarceration credit. By minute entry, the trial court also ordered him to pay an $8.00 time payment fee.

Pennington raises two issues in this appeal: whether the trial court erred when it assessed the second time payment fee, and whether he is entitled to an additional day of presentence incarceration credit for each case.

## DISCUSSION

### I. Imposition of a Second Time Payment Fee

Pennington argues that under Ariz. Rev.Stat.Ann. ("A.R.S.") section 12-116, each person who pays a court-ordered fine in monthly installments is assessed a time payment fee. He claims that he does not have to pay the fee for the second case because the trial court ordered him to pay the fines and fees for both cases on the same day. He supports his claim with a case from this court, *State v. Rivera,* 172 Ariz. 247, 836 P.2d 460 (App.1992).

The state responds by distinguishing his case from *Rivera.* It claims that in two separate case numbers, Pennington was convicted of two crimes and therefore, there will be administrative costs for both cases.

We agree with the state. In *Rivera,* the defendant was convicted of two counts of the same crime. Here, Pennington was convicted twice for the same crime. His two case numbers are separate cases and create double bookkeeping duties. The trial court did not err when it assessed the second $8.00 time payment fee.

### II. Presentence Incarceration Credit

Pennington argues that the trial court erred when it credited him 113 days in case number CR 91-08103 and 117 days in case number CR 91-09658. He argues that because 1992 was a leap year, he should receive one extra day of presentence incarceration credit for each case.

The state responds that Pennington only should have received 25 days presentence incarceration credit for case number CR 91–08103. It claims that he was in custody from November 19, 1991 to February 12, 1992 only for case number CR 91–09658. He was not in custody during those months in case number CR 91–08103, because after posting bond and getting released on October 3, 1991, he was not taken into custody again until he was re-arrested on February 27, 1992. The state did not raise this issue in a cross-appeal.

### A. Jurisdiction

In *State v. Dawson* 164 Ariz. 278, 792 P.2d 741 (1990), the Arizona Supreme Court held that an appellate court has no subject matter jurisdiction to consider lenient sentencing where the state does not file a cross-appeal. Two years later the supreme court held that the state is not required to file a cross-appeal to protect its rights in the event that a defendant is successful in his challenge of the sentence imposed by the trial court. *State v. Anderson,* 171 Ariz. 34, 827 P.2d 1129 (1992).

Here, Pennington challenges his sentences. Pursuant to *Anderson,* we hold that we have jurisdiction to determine whether the presentence incarceration credit was proper.

### B. Was the Credit Received Proper?

Although we can examine a sentence to determine if it was proper, we cannot reduce a sentence merely because a defendant claims that it is excessive. Sentencing is within the discretion of the trial court and will not be disturbed unless there is a clear abuse of discretion. *State v. Tyree,* 109 Ariz. 259, 260, 508 P.2d 335, 336 (1973), *overruled on other grounds,* 109 Ariz. 466, 512 P.2d 9 (1973).

The trial court did not abuse its discretion when it imposed the sentences. However, 1992 was a leap year and Pennington is entitled to an additional day of credit. Under *State v. Cruz-Mata,* 138 Ariz. 370, 674 P.2d 1368 (1983), he will not receive additional presentence incarceration credit for both concurrent sentences because the sentences are to be served at the same time. Pennington should be credited with one additional day of credit towards his concurrent sentences.

## CONCLUSION

For the foregoing reasons, we affirm the sentences as modified.