873 P.2d 639

**STATE of Arizona, Appellee,**

v.

**James E. PENNINGTON, Appellant.**

**No. CR–93–0479–PR.**

Supreme Court of Arizona,
En Banc.

May 3, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy County Public Defender, Phoenix, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

A.R.S. § 12–116(A) mandates that a "fee of eight dollars shall be assessed on each person who pays a court ordered penalty, fine, or sanction on a time payment basis, including parking penalties, restitution and juvenile monetary assessments." [1]

The trial court imposed two separate time payment fees for penalties assessed against defendant in two separate cases. The court of appeals affirmed in a published opinion. *State v. Pennington*, 177 Ariz. 393, 868 P.2d 976 (App.1993). We granted review to resolve the conflict between that opinion and other opinions of the court of appeals and to provide guidance to trial judges who frequently are presented with similar issues. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 31.19, Ariz.R.Crim.P.

### FACTS

On October 2, 1991, defendant was charged with possession of narcotic drugs for sale (cause number CR–91–08103). On November 21, 1991, for a separate incident, defendant was charged with possession of narcotic drugs (cause number CR–91–09658). Following separate trials, defendant was convicted in CR–91–08103 of the lesser included offense of possession of narcotic drugs. In CR–91–09658, he also was convicted of possession of narcotic drugs. Sentencing for both convictions took place on March 19,

---

1. Effective April 22, 1993, the time payment fee was increased to $12.

1992. In each case, the court imposed a $2,000 fine and the $100 felony assessment fee mandated by A.R.S. § 13–812. Because defendant was sentenced to prison, the court ordered the fines and fees to be paid in monthly installments after defendant's release. The court ordered a separate $8 time payment fee in each case.

## ISSUE

Whether A.R.S. § 12–116 requires a time payment fee for each time payment plan assessed against a defendant.

## DISCUSSION

### I. The Court of Appeals Cases

The question here is one of statutory construction: what is the proper application of § 12–116(A) when a single defendant is assessed multiple time payment sanctions? The court of appeals has addressed this issue three times with varying results. In *State v. Rivera*, 172 Ariz. 247, 836 P.2d 460 (App. 1992), the court held that only one time payment fee should be imposed when a defendant is ordered to make separate time payments on two counts in one case. In *State v. Reynolds*, 175 Ariz. 207, 854 P.2d 1193 (App.1993), the court of appeals held that a trial court should order only one time payment fee when a defendant is ordered to make delayed payments in two separate cases.

In the instant *Pennington* case, the court of appeals imposed two time payment fees on a defendant ordered to make delayed payments in separate cases. The court distinguished *Rivera* on the grounds that *Rivera* involved two time payment plans imposed on separate counts in the same case, whereas here the two time payment plans were being imposed in separate cases, albeit at the same time. Thus, *Pennington*, unlike *Reynolds*, requires two time payment fees for two time payment plans imposed in separate cases.

We granted review to resolve these conflicting opinions and to determine what § 12–116(A) requires when more than one time payment plan is assessed against a single defendant.

### II. Resolution

The language of § 12–116(A) arguably permits each of the various conclusions reached by the court of appeals. To resolve the matter, then, we look to the purpose of the statute. A portion of each time payment fee collected must be used by the court "to improve, maintain and enhance the ability to collect and manage monies assessed or received by the courts, to improve court automation and to improve case processing or the administration of justice." A.R.S. § 12–116(B). Therefore, at least part of the purpose of A.R.S. § 12–116 is to offset increased court costs incurred by reason of deferred payment plans granted to defendants who are unable to pay court-ordered penalties, sanctions, or fines when imposed. *See State v. Weinbrenner*, 164 Ariz. 592, 594, 795 P.2d 235, 237 (App.1990) (A.R.S. § 12–116 provides the financial wherewithal for efficient and effective collection of time payment plans).

The *Rivera* court emphasized the "each person" language of § 12–116(A) and concluded that only one time payment fee should be imposed, although time payment sanctions were being imposed on two different counts. 172 Ariz. at 250, 836 P.2d at 463. To us, it follows that the *Rivera* rationale would apply regardless of when or in how many cases sanctions were imposed. Thus, carried to its logical conclusion, *Rivera* would seem to permit only one fee per person—a sort of lifetime fee.

We do not believe the legislature intended a person to pay only a one-time fee regardless of the number of time payment plans assessed or to be assessed. The statute requires that a fee be assessed on "each person who pays *a* court ordered penalty, fine, or sanction, on a time payment basis." A.R.S. § 12–116(A) (emphasis added); *see also State v. Ramos*, 155 Ariz. 468, 747 P.2d 629 (App.1987) (noting that multiple felony assessments against one defendant are required under A.R.S. § 13–812(A), which refers to felony assessments against "each person convicted of a felony").

We recognize the *Rivera* court's concern about the assessment's effect on those least

able to afford it. *Rivera,* 172 Ariz. at 250, 836 P.2d at 463. However, when the statute requires imposition of multiple time payment fees, the sentencing court certainly may consider that fact in deciding the amount of any non-mandatory fee, sanction, or penalty to be imposed.

We also believe it would be anomalous to adopt the distinction suggested by the court of appeals in the instant case, which would distinguish between fees imposed for multiple convictions in the same case and fees imposed in separate cases. The court incurs administrative costs for each time payment plan imposed against a defendant, regardless of whether the plans are implemented for separate counts in the same case or for separate cases.

■ Thus, we hold that A.R.S. § 12–116 requires a separate time payment fee for each time payment plan approved and ordered by the court. We emphasize that the fee is for each *plan,* not for each *component* of each plan. Thus, one time payment fee should be imposed on each count or case in which a time payment plan is approved, even though that plan may include, for example, a fine, a felony assessment, and restitution.

## DISPOSITION

Under § 12–116(A), a trial court should order one time payment fee for each time payment plan. We disapprove of *State v. Rivera,* 172 Ariz. 247, 836 P.2d 460 (App. 1992) and *State v. Reynolds,* 175 Ariz. 207, 854 P.2d 1193 (App.1993) to the extent they hold or suggest otherwise. In this case, the trial court properly imposed two time payment fees. We affirm the trial court and vacate the court of appeals' opinion.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.