NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GERARDO HERNANDEZ-PEREZ, *Appellant*.

No. 1 CA-CR 18-0507
FILED 5-16-2019

Appeal from the Superior Court in Yavapai County
No.  V1300CR201680602
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

M. Alex Harris PC, Chino Valley
By M. Alex Harris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

**¶1**　　　　A jury found Gerardo Hernandez-Perez ("Defendant") guilty of three felony offenses: aggravated driving under the influence, possession of drug paraphernalia, and criminal impersonation. As relevant here, the superior court placed him on supervised probation and imposed a $20 probation assessment for each count. Defendant poses the issue of whether the applicable statute, Arizona Revised Statutes ("A.R.S.") section 12-114.01(A), authorizes the court to impose such assessments "per case" or "per count." To clarify, Defendant does not maintain the assessments were unauthorized because his convictions arose from a single act, *see State v. McDonagh*, 232 Ariz. 247, 247–48, ¶ 1 (App. 2013); instead, he seems to assert the court could have imposed only one $20 assessment because he was convicted of three offenses in a single proceeding.

**¶2**　　　　Because Defendant did not raise this issue at sentencing, he must show the superior court fundamentally erred by imposing assessments unauthorized by statute. *State v. Payne*, 223 Ariz. 555, 569, ¶ 49 (App. 2009). We review a statute's interpretation de novo. *State v. Burbey*, 243 Ariz. 145, 146, ¶ 5 (2017). If the statute's words, read in context, disclose only one reasonable interpretation, we apply that interpretation without further analysis. *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

**¶3**　　　　The relevant statutory language states, "[e]xcept as provided in § 12-269, in addition to any other penalty, fine, fee, surcharge or assessment authorized by law, a person shall pay an assessment of twenty dollars on conviction for a criminal offense." § 12-114.01(A); *see also* A.R.S. § 12-269(C) (requiring counties with two million or more persons to impose a different assessment). Given the mandatory language, the statute requires a court to impose the assessment called for by subsection A whenever a defendant is convicted of "a criminal offense" in a county of under two million persons, unless the court exercises its discretion to "mitigate all or part of the assessment" under subsection C. *See* § 12-114.01(A), (C). But Defendant, focusing on the phrase "conviction for

a criminal offense," suggests the legislature intended to authorize only one assessment in a case like his, where several findings of guilt arise from a single proceeding.

**¶4**         We must first reject Defendant's implied contention that the statute is ambiguous because courts have allegedly applied it inconsistently.  The statute's text expressly calls for divergent geographic results and an exercise of discretion; that courts applying the statute sometimes reach different outcomes shows neither inconsistency nor textual ambiguity.

**¶5**         We next turn to the common meaning of "conviction," left undefined by § 12-114.01(A).  *See Burbey*, 243 Ariz. at 147, ¶ 6.  Defendant appears to maintain that, although he was convicted of three offenses, this is just one "conviction" under the statute.  But "[i]n the popular sense of the term, conviction means that the defendant has 'been found guilty or has pleaded guilty, *although there has been no sentence or judgment by the court*.'" *State v. Green*, 174 Ariz. 586, 587 (1993) (emphasis added) (citation omitted). Because a conviction generally refers to a finding of guilt and does not require entry of a sentence or judgment, the relationship between convictions and findings of guilt is one-to-one.  *See Deal v. United States*, 508 U.S. 129, 130–31 (1993) (holding that when a defendant was found guilty on six statutory counts in a single proceeding, the second through sixth counts were "second or subsequent conviction[s]" under the statute).  Dictionaries confirm that a defendant found guilty of one crime has been convicted once and a defendant found guilty of several crimes has been convicted that number of times.  *See, e.g.*, *Conviction*, Black's Law Dictionary 408 (10th ed. 2014)  ("The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty."); *accord* Brian A. Garner, *Garner's Modern American Usage* 199 (2003); The American Heritage Dictionary 402 (5th ed. 2011); Merriam-Webster's Collegiate Dictionary 274 (11th ed. 2014); New Oxford American Dictionary 380 (3d ed. 2010).  Applying this common meaning, Defendant has three convictions because the jury found him guilty of three separate offenses.  Therefore, § 12-114.01(A) authorized the superior court to impose three $20 probation assessments at sentencing.

**¶6**         We are unpersuaded by Defendant's assertion that the statute cannot be read to authorize multiple assessments when several findings of guilt arise from a single proceeding because it employs the phrase "for a," instead of "for each."  Defendant misreads the statute by asserting that "[t]he legislature listed 'a' not 'each' conviction," when the statute actually authorizes the assessment "on conviction for a criminal offense." § 12-114.01(A).  Defendant also fails to recognize that when "a" is used in

its distributive sense, as in § 12-114.01(A), it may mean "each," "any," or "per." *See State v. Ramos*, 155 Ariz. 468, 470 (App. 1987); *see also A* The American Heritage Dictionary 1 (5th ed. 2011) ("In every; to each; per: *once a month; one dollar a pound*."); Merriam-Webster's Collegiate Dictionary 1 (11th ed. 2014).  As grammarians explain, using the word "a" in this sense is not only acceptable but traditionally thought preferable.  Garner, *supra*, at 1.   It is easy to see why that is true here.  Using "each" instead of "a" would cause unnecessary confusion as applied to a defendant convicted of just one offense because "each," always referring to one among a group, would suggest that the statute applies only to defendants convicted of multiple crimes.  *See, e.g.*, *Each* The American Heritage Dictionary 560 (5th ed. 2011) ("Being one of two or more considered individually . . . ."); Merriam-Webster's Collegiate Dictionary 390 (11th ed. 2014).  Thus, the use of the word "a" does not mean the statute authorizes only a single assessment in a given case.

¶7        The wider context of § 12-114.01(A) supports this construction.  The statute applies not only to convictions for criminal offenses, but also to civil traffic violations as well as violations of certain local ordinances and game and fish statutes.  § 12-114.01(A).  The listed offenses or violations may carry different punishments, and, for some, a defendant may not receive probation at all.  But the statute mandates the assessment all the same.  These monies finance the statewide judicial collection enhancement fund established by A.R.S. § 12-113.  § 12-114.01(B).  The assessment, then, seemingly has nothing to do with the particulars of a defendant's case.  Rather, the legislature created a general obligation tied to each listed offense to maximize support of the fund.  There is no indication that the legislature intended to exempt a whole class of cases—those where a defendant is found guilty of several crimes—from this general obligation. *See Canon School Dist. No. 50 v. W.E.S. Const. Co.*, 177 Ariz. 526, 529 (1994) (explaining that, "absent a clear indication of legislative intent," a court generally may not read words into a statute).  This illustrates that the only reasonable construction of § 12-114.01(A) authorizes a court to impose multiple assessments when a defendant is found guilty of multiple offenses.

**¶8** Defendant has failed to show the superior court exceeded its statutory authority under § 12-114.01(A) by imposing a probation assessment for each of his three felony convictions. We therefore affirm his convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA