19963. WELLS *v.* KEITH, Warden.

CANDLER, Justice. Luther C. Wells, Jr. was indicted, tried and convicted in DeKalb County for the murder of J. C. Nix, W. E. Johnson, and John Brandon. On the jury's recommendation of mercy, he was sentenced to life service in the penitentiary. He was denied a new trial and this court affirmed that judgment on February 10, 1954. See *Wells, alias Wilson,* v. *State,* 210 *Ga.* 422 (80 S. E. 2d 153). On June 28, 1954, he presented a petition for the writ of habeas corpus to the Judge of the Superior Court of Tattnall County, alleging that he was being illegally detained by R. P. Balkcom, Jr., as Warden of the State's Penitentiary, under the life sentence imposed on him in DeKalb County. His petition was later dismissed on general demurrer, and there was no exception to that judgment. On May 26, 1956, he presented another petition for the writ of habeas corpus to the Judge of the City Court of Reidsville, in which he likewise alleged that he was being illegally detained by Warden Balkcom under the aforementioned sentence. This petition was likewise dismissed on general demurrer, and no exception was taken to that judgment. On September 14, 1957, he presented to the Judge of the Superior Court of Meriwether County a petition for the writ of habeas corpus, in which he alleged that he was being illegally detained by Maynard Keith, as Warden of the Meriwether Prison Camp, under the aforementioned life sentence. Keith, as such warden, responded to the writ and filed a plea of res judicata. On the trial, this plea was sustained, the petition was dismissed, and the applicant was remanded to the custody of the respondent. The exception is to that judgment. *Held*:

In at least four earlier cases, this court has applied to habeas corpus proceedings the principle in Code § 110-501 which reads as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." See *Andrews* v. *Aderhold,* 201 *Ga.* 132, 137 (39 S. E. 2d 61), and the cases there cited. The petition in this case is indeed lengthy, and we will not undertake to set

out its allegations, but we have examined them carefully and they make no attack on the validity of the judgment or sentence under which the applicant is being detained by the respondent, other than those attacks which were made or could have been made in his motion for new trial or in his two former petitions for habeas corpus. This being true, the respondent's plea of res judicata was properly sustained on proof of his prior proceedings and the resulting judgments. Hence, the judgment here complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 14, 1958—DECIDED FEBRUARY 7, 1958—REHEARING DENIED MARCH 7, 1958.

Luther C. Wells, Jr., *pro se.*
*Eugene Cook,* Attorney-General, *E. Freeman Leverett,* Assistant Attorney-General, contra.