51346. BARNES et al. v. THE STATE.
51347. BLACK v. THE STATE.
51348, 51349. BLACK et al. v. THE STATE (two cases).
51350. HURST et al. v. THE STATE.
51351. REED v. THE STATE.
51352. ROMEO v. THE STATE.

BELL, Chief Judge.

The defendants in these cases were convicted of either simple battery or simple assault. Although tried on different days, these cases arose out of a general incident that occurred at the Screven County High School on or about December 13, 1974. The appeals have been consolidated in this opinion.

1. *Cases No. 51346, 51350 & 51352.* The indictments comply with Code § 27-701 by charging the defendants with committing the offenses in the language of the statutes concerned on or about December 13, 1974 in Screven County. The trial court did not err in overruling demurrers to the indictment because of the failure to allege the exact time of day each offense was committed. *Miller v. State,* 224 Ga. 627, 630 (163 SE2d 730).

2. *Cases No. 51347, (51349 not argued), 51350, 51351 & 51352.* Motion for continuances were denied. The basis for the continuance was that defense counsel had a large number of clients in these cases and had other cases pending in other jurisdictions. Grant or denial of a continuance is a matter that lies within the discretion of the trial court and we will not control it in the absence of abuse. The record here fails to demonstrate any abuse in discretion in denying the continuances.

3. *Cases No. 51346, 51347, 51350, 51351, & 51352.* Defendants contend that the court erred in giving a standard instruction on reconciling conflicts in the testimony of the witnesses if the jury should find any. It is complained that giving this charge was error in the cases to which this enumeration applies as only state witnesses testified, and thus there was no conflict. If there was no conflict in the testimony of the state witnesses and there were no other witnesses, then obviously this charge, even

if erroneous, was harmless. *Aetna Ins. Co. v. Ripsitz,* 130 Ga. 170 (3) (60 SE 531).

4. In Case No. 51347, a motion for mistrial was denied. The motion was based on the ground that the district attorney in his argument indirectly commented on the defendant's failure to testify. The claimed erroneous argument was ". . . there is nothing in this evidence or lack of this evidence would produce a doubt in your minds that he is not guilty and it is your duty as jurors sworn to return a verdict based on this evidence, you heard it on this witness stand today, the defendant is guilty beyond a reasonable doubt, he is guilty, and the State urges you to, under your oath, to do your duty and return a verdict of guilty against Jerry Black . . ." This was legitimate argument and clearly cannot be categorized as commenting on the defendant's failure to testify.

5. In Case No. 51348, hearsay testimony was admitted over objection. Immediately thereafter, however, the trial court, realizing the inadmissible nature of this testimony, sustained the objection and positively instructed the jury not to consider it for any purpose in the case. The defendant's counsel then moved for mistrial, which was denied. The trial judge's action in instructing the jury positively to disregard this testimony sufficiently cured the erroneous admission of this evidence. It was not error to deny the motion. *Worthy v. State,* 184 Ga. 402 (191 SE 457).

6. The defendant in Case No. 51349 complains that the trial court erroneously permitted the district attorney to utilize leading and ambiguous questions during the examination of several witnesses. Our examination of the transcript discloses that the district attorney did not ask nor was permitted to ask, leading and ambiguous questions.

7. Defendant Barnes in Case No. 51346 was indicted jointly with two other defendants for simple battery. The evidence disclosed that the victim was accosted while he was proceeding to a class by a group of males estimated to be about 10 to 15 in number. While witnesses for the state positively testified that the two other defendants committed the charged crime by striking the victim, witnesses could only place Barnes at the scene as a

member of the group and none could state that this defendant struck the victim. Mere presence at the scene of a crime and nothing more is not sufficient to authorize a conviction. *Brown v. State,* 118 Ga. App. 617 (2) (165 SE2d 185). Thus the evidence demands an acquittal. We reverse the judgment as to Barnes only and direct the trial court to enter a judgment of acquittal as to him.

8. All other enumerations in these cases are without merit.

*Judgments affirmed in Cases No. 51347, 51348, 51349, 51350, 51351 and 51352. Judgment affirmed in Case No. 51346 as to defendants Simon and Brooks, reversed as to defendant Barnes with direction to the court to enter a judgment of acquittal as to Barnes. Webb and Marshall, JJ., concur.*

ARGUED OCTOBER 7, 1975 — DECIDED NOVEMBER 18, 1975.

*John H. Ruffin, Jr.,* for appellants.
*J. Lane Johnston, District Attorney,* for appellee.