53502. BRACKETT et al. v. THE STATE.

SMITH, Judge.

The appellants were convicted of the offense of cruelty to animals upon evidence that they were spectators at a cockfight. We agree with the appellants that the evidence was insufficient to support the conviction, and the judgment is reversed.

The appellants were among a group of persons Gwinnett County police officers observed standing in a chicken house and cheering. Upon closer inspection, the officers saw the cheering was for two gamecocks, sporting spurs, engaged in mortal combat in a cockpit. Nearby, a third gamecock lay slain. The officers rounded up the cheering throng and each person was charged with cruelty to animals. All were convicted in a trial before a

jury and from among the group the appellants have filed this appeal.

1. Abraham Lincoln is reported to have responded to advocates of federal abolition of cockfighting, "As long as the Almighty permitted intelligent men, created in his image and likeness, to fight in public and kill each other while the world looks on approvingly, it's not for me to deprive chickens of the same privilege." Lock v. Falkenstine, 380 P2d 278 (Ok. Cr. App.). While our legislature has long ago outlawed dueling, it has not specifically proscribed cockfighting. The state contends cockfighting is effectually prohibited by Code § 26-2802, enacted in 1968, which defines cruelty to animals as an "act, omission, or neglect caus[ing] unjustifiable physical pain, suffering, or death to any living animal."

Other states have construed their cruelty to animals statutes not to include cockfighting, primarily because there was lacking any showing of legislative intent to include fowls as "animals." See State v. Stockton, 85 Ariz. 153 (333 P2d 735); State v. Claiborne, 211 Kan. 264 (505 P2d 732); State v. Buford, 65 N.M. 51 (331 P2d 1110); and Lock v. Falkenstine, supra. In contrast, our legislature appears to have expressed its intent by the committee note which declares the statute "covers all animals" and adds, "the public's sensibilities are as likely to be outraged by wanton acts of inhumanity to goldfish, lions, turtles and dolphins as when the acts are suffered by more frequently encountered or more valuable animals." We conclude that the statute was meant to include fowls as animals, and cruelty to a gamecock therefore is proscribed conduct.

2. The only evidence that the appellants committed an act of cruelty to the gamecocks was that they were among the spectators. While it is obvious that someone among the group arranged the fight, set up the pit, and strapped on the spurs, there was no showing that any of the individual appellants had done any of these acts. Indeed, one of the state's two witnesses said nothing implicating any individual. The other, who was close to the scene, testified that he had seen none of the appellants do anything cruel to any animal. In sum, the strongest evidence against any appellant was that he had been arrested; each was guilty by association. Although it may

have been proved that some member of a group committed a crime, merely being a member of the group present at the scene does not authorize a conviction. *Barnes v. State,* 136 Ga. App. 626 (7) (222 SE2d 143). The trial court erred in not directing a verdict of acquittal as to each appellant.

*Judgment reversed. Bell, C. J., concurs. McMurray, J., concurs specially.*

SUBMITTED FEBRUARY 28, 1977 — DECIDED JUNE 21, 1977.

*Kenneth J. Vander Hoff, Jr.,* for appellants.
*Gary L. Davis, Solicitor,* for appellee.

McMURRAY, Judge, concurring specially.

Defendants were charged by accusation with a misdemeanor, that is, cruelty to animals, by causing a cockfight between chickens (game roosters) fitted with metal spurs. I abhor cruelty to animals as much as anyone, but the state here failed to prove which, if any, of the defendants were actually engaged in the cockfighting or parties thereto or that there were acts of cruelty to animals except by inference and knowledge that game roosters generally will fight to the death if allowed to do so. These defendants were present where undoubtedly cockfighting had occurred. The officers testified that they did not see any cruelty to animals nor did they identify any of the defendants as engaged in cruelty to animals. Mere presence at a scene of a crime and nothing more is insufficient to authorize a conviction of every person at a scene who is arrested. *Barnes v. State,* 136 Ga. App. 626, 627 (7) (222 SE2d 143). I therefore concur in the judgment only.