A95A1383. JUDKINS v. THE STATE.
(463 SE2d 362)

BEASLEY, Chief Judge.

On September 9, 1993, Judkins pled guilty to armed robbery (OCGA § 16-8-41), aggravated assault on a police officer (OCGA § 16-5-21), possession of a firearm by a convicted felon (OCGA § 16-11-131), and possession of a sawed-off shotgun (OCGA § 16-11-122). The conviction was entered on that same date, and defendant was sentenced to imprisonment.

On August 11, 1994, during a subsequent term of court, Judkins

moved to withdraw his plea, asserting it was unlawfully induced and not voluntarily entered. The trial court denied the motion as untimely and thus beyond the court's jurisdiction.[1]

Judkins raised on appeal an issue of ineffective assistance of counsel, and the case was remanded to the trial court for a hearing. However, this should not have been done because the only appealable issue was whether the trial court erred in finding that the motion to withdraw the plea was untimely. If it did, then a question of counsel's effectiveness could be aired; if it did not, such a question could not be reached.

At any rate, the trial court conducted a hearing on the issue as instructed in the order of remand and discovered that Judkins had already applied for a writ of habeas corpus in the county of his incarceration, as had been suggested by the trial court months earlier. In fact, the petition for writ of habeas corpus had been filed even before Judkins moved to withdraw his guilty plea. He alleged in the habeas action that his plea was involuntary and unknowing and that he had received ineffective assistance of counsel. The trial court on remand also found that the habeas court had denied Judkins' application on October 9, 1994, in a detailed order and that Judkins then sought review in the Supreme Court of Georgia.

The trial court received the entire record of the habeas proceeding and, in an order dated February 21, 1995, concluded it would be inappropriate to rule on Judkins' claim of ineffective assistance of counsel with respect to entry of his plea of guilty. The reason given was that the issue was still pending before the Supreme Court on appeal from the habeas court, which had ruled adversely to defendant on the issue. Unknown to the trial court was that, on January 26, the Supreme Court had denied Judkins' application to appeal the denial of habeas corpus because it found no arguable merit. Supreme Court Rule 36.

1. Judkins enumerates five alleged errors made by the trial court in its order of February 21, 1995. The first four attack the validity of his guilty plea entered in September 1993. Except for the second one, involving a claim of ineffective assistance of counsel, they involve matters not pending before the trial court after this Court's remand of November 14, 1994. They involve instead matters which were brought or could have been brought to the habeas corpus court, whose decision is not appealable to this Court. Ga. Const., Art. VI, Sec. VI, Par. III (4). Consequently, none of these enumerations is properly before us.

---

[1] The motion should have been dismissed rather than denied because, as recognized by the trial court, it had no jurisdiction of it. *State v. James*, 211 Ga. App. 149 (438 SE2d 399) (1993).

2. With respect to the enumeration claiming ineffective assistance of counsel in connection with the guilty plea proceeding, that issue is also not properly before us. The trial court did not rule on it because the court understood that the rejection of the claim by the habeas court was pending before the Supreme Court of Georgia. It had in fact been ruled on by the habeas court pursuant to a petition brought by Judkins even before he filed his tardy motion to withdraw the plea of guilty in the trial court. The Supreme Court of Georgia refused to permit the appeal, it not having met that court's standard as set out in its Rule 36.

3. The fifth enumeration claims that the trial court abused its discretion in failing to hold a hearing on the issue of ineffective assistance of counsel in connection with the entry of the plea. That is the only appealable issue properly before us, and we conclude that the trial court was eminently correct. The issue had already been decided adversely to defendant by the Supreme Court of Georgia, which refused to issue a certificate of probable cause to appeal from the denial of habeas corpus. OCGA § 9-14-52. Not only could the issue of counsel's effectiveness have been raised in the habeas corpus proceeding, it indeed was raised and expressly ruled on.

As noted in the headnote to *Perry v. McLendon*, 62 Ga. 598 (1879), "where the legality of the same cause of imprisonment is twice drawn in question between the same parties by successive writs of habeas corpus before the same court, or before different courts of competent original jurisdiction, the judgment on the former writ may be answered in bar of a discharge under the latter." In that case, Justice Bleckley observed: "Whoever brings the legality of an imprisonment into question by writ of habeas corpus, should, in the first instance, show as much cause for his attack as he can. He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." Id. at 605. This principle of res judicata, found as statutory law in OCGA § 9-12-40, has been applied even more recently to the same circumstances of successive habeas corpus actions and direct challenges to the judgments of conviction. *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991); *Wells v. Keith*, 213 Ga. 858 (102 SE2d 533) (1958). It applies here as well.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 20, 1995.

Raefeal M. Judkins, *pro se.*
*Charles H. Weston, District Attorney, Kimberly S. Shumate,*

*Laura D. Hogue, Assistant District Attorneys*, for appellee.