A96A1042. SMITH v. THE STATE.
(475 SE2d 715)

BIRDSONG, Presiding Judge.

A white car spun wildly out of a roadhouse parking lot in the North Georgia mountains late at night near Christmas 1994. A police officer, hearing the commotion and seeing the car in his car's rearview mirror, came around behind the white car at an intersec-

tion, with the intention of stopping that car. He saw two persons in the white car before it sped away. Suspecting a drunk driver, the officer gave chase with siren screeching and blue lights flashing. He chased the speeding car but suddenly lost sight of it around a curve. Seconds later, he came upon a terrible scene. The white car had hit a guardrail and struck a utility pole, ripping the pole in half. Immediately the officer called for assistance. A deputy who is an expert in accident reconstruction arrived. He determined the car had crashed through two guardrails and had become airborne until it hit the utility pole and broke the pole in half. Two persons were in the car, and neither moved. One man was in the passenger seat leaning out the window, dead. His feet were pinned beneath the passenger side dashboard. The other man was in the driver's seat, alive, with his feet on the driver's side floorboard. The driver's seat had broken, and its occupant was supine, with his head toward the back window. The man in the driver's seat, appellant Stephen John Smith, survived. Smith was charged with, and convicted of, homicide by vehicle in the first degree (OCGA § 40-6-393), DUI (he had .17 grams percent blood alcohol content), laying drags, fleeing to elude a police officer, failing to obey a traffic control device, and driving while license suspended. The trial court admitted, as a similar transaction, evidence that appellant had been arrested for DUI with a similar blood alcohol content in December 1993, in the late night and in the same town. On appeal, he asserts three errors. *Held*:

1. Appellant contends the circumstantial evidence was insufficient to prove his guilt beyond a reasonable doubt and that the trial court erred by denying the motion for directed verdict of acquittal as to all the charges, which are, necessarily, based on his being the driver of the car. Appellant's contention, in short, is that the evidence is insufficient to prove he, and not the deceased Greg Jackson, was the driver of the white car. We have examined the evidence including photographs, and we find it sufficient to persuade a rational trier of fact that appellant was driving this car, beyond a reasonable doubt and to the exclusion of any other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred in admitting a similar transaction where, according to appellant, "the only defense was lack of identification and the State's case was entirely circumstantial." We find no merit in this enumeration. In the first place, the evidence is not rendered entirely circumstantial merely because there was no positive testimony that appellant was seen driving the car or occupying the driver's seat before the crash. Direct evidence is evidence "which immediately points to the question at issue" (OCGA § 24-1-1 (3)); whether any of the evidence in this case was of such character is *generally,* as with all other matters of fact, a question for the jury.

That the question is a "difficult determination" (see *Yarn v. State*, 265 Ga. 787 (462 SE2d 359)) does not necessarily make it one for the courts, although often the courts are called upon to decide the question. See *Yarn* and cases cited. The facts of this case are such that we would not take this matter from the jury. Evidence of the relative positions of the car's occupants seconds after the crash may so "immediately [point] to the question at issue" as to lend itself to no other reasonable or even possible conclusion than that appellant was the driver. "A jury should not be precluded from putting two and two together," (*Southern R. Co. v. Newman*, 187 Ga. 132, 133 (1) (199 SE 753)); if two and two equals no sum but four, that calculation may constitute direct evidence.

Appellant's argument is basically that the State did not prove identification, that is, that appellant was the driver of the white car and therefore the State could not admit evidence of another incident involving appellant. See, cited, *Banks v. State*, 216 Ga. App. 326, 328 (454 SE2d 784). However, as indicated in Division 1, the evidence is such that the jury could rationally conclude beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that appellant was the driver of the white car and that he was the same person as was charged in the similar transaction.

3. Finally, appellant contends the trial court erred by sentencing him on the counts for DUI, laying drags, fleeing to elude, and failing to obey a traffic control device, because the evidence as to those charges was "used up" in the homicide count. The cases cited by appellant — *Kirkland v. State*, 206 Ga. App. 27 (424 SE2d 638); *Mitchell v. State*, 187 Ga. App. 40, 44 (369 SE2d 487); and *Hadden v. State*, 180 Ga. App. 496 (349 SE2d 770) — involve multiple counts which charged cumulative ways in which a single offense could violate several criminal prohibitions.

In *Kirkland*, the evidence that defendant's driving under the influence caused one of the victim's feet to become useless was held to be "used up" in the count alleging defendant's DUI caused the victim's other foot to be useless. In *Mitchell*, the defendant committed only one act of attacking his mother, so that the counts of aggravated assault with intent to murder and aggravated assault with a deadly weapon were in fact the same and singular act. In *Hadden* the two crimes charged were the identical act of driving while drunk: driving with a .12 percent or more by weight of alcohol in defendant's blood and driving under the influence of alcohol. The counts in this case involve separate and distinct criminal offenses. Homicide is not the same offense as DUI, laying drags, fleeing to elude, failing to obey a traffic signal or driving while license is suspended; proof of those acts was not "used up" to prove the homicide count, nor are they lesser included offenses of homicide. Appellant is in effect suggesting a rule

that when a pattern or series of criminal acts is committed and those acts are testified to in a trial of any or all of those acts, only one of those acts or the final culminating criminal act can be prosecuted. This has never been the law. See, e.g., *Taylor v. State*, 177 Ga. App. 624, 628 (4) (340 SE2d 263). The State is required to prosecute in the same proceeding all offenses arising out of the same course of conduct; that is, reckless driving, DUI, and driving over the centerline may contribute to a homicide, but they are not included offenses and proof of any offense does not "use up" the evidence of homicide. See *State v. Stowe*, 167 Ga. App. 65 (306 SE2d 663).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 10, 1996.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.