A97A1484. MARTIN v. THE STATE.
(492 SE2d 307)

BEASLEY, Judge.

Convicted in 1992 of aggravated child molestation (OCGA § 16-6-4 (c)) and of enticing a child for indecent purposes (OCGA § 16-6-5), Ronald Martin appeals the denial of his motion for a second out-of-time appeal.

Martin's first out-of-time appeal led to affirmance of the convic-

tion because his post-conviction counsel failed to file a motion for new trial raising the claim of ineffective assistance of trial counsel, which claim constituted the only enumeration of error. This procedural deficiency, which prima facie constitutes ineffective assistance of appellate counsel, would normally mean that the trial court should have held a hearing and appointed Martin counsel on his motion for a second out-of-time appeal to determine if appellate counsel was in fact ineffective. If so, further post-conviction relief would be in order. See *Rowland v. State*, 264 Ga. 872, 874-876 (2) (452 SE2d 756) (1995); *Maxwell v. State*, 262 Ga. 541, 543-544 (422 SE2d 543) (1992) (Fletcher, J., concurring specially). But this procedure was not required in this instance, for the grounds on which Martin wishes to appeal his original conviction were decided adversely to him in his unappealed habeas corpus proceeding in 1994. Therefore, denial of a second direct appeal was not error.

In November 1992, a jury in Turner Superior Court found Martin guilty, for which he received 30-year and 20-year concurrent sentences. This judgment was not then appealed.

Martin filed a habeas corpus petition in Bibb County, where he was imprisoned, challenging his imprisonment on three grounds: (1) he had instructed counsel to file an appeal, which had not occurred, and he therefore desired an out-of-time appeal; (2) he received ineffective assistance at trial; and (3) he was incompetent and had a speech impediment, which deprived him of the right to a fair trial. After an evidentiary hearing on June 30, 1993, the habeas court found no ineffective assistance of counsel or incompetency of Martin, but "remanded" the matter to Turner Superior Court for a hearing on whether he should be allowed an out-of-time appeal.[1] The habeas court order was not appealed.

Apparently without holding a hearing, the Turner Superior Court granted Martin permission to pursue an out-of-time appeal. Martin retained appellate counsel, who did not move for a new trial but simply appealed to this Court and enumerated as the sole ground for appeal ineffective assistance of trial counsel. Citing *Peavy v. State*, 213 Ga. App. 79 (443 SE2d 705) (1994), our unpublished opinion in May 1995 held that the failure of Martin's post-conviction counsel to pursue the issue of ineffective assistance by a motion for new trial waived the issue, and the convictions were affirmed. See *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996); *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995); *Jackson v. State*, 223 Ga. App. 207, 208 (2) (477 SE2d 347) (1996).

---

[1] Whether a habeas court has authority to remand to another superior court is questionable. See *Whatley v. State*, 218 Ga. App. 608, 609 (462 SE2d 779) (1995) (citing *Jones v. Whatley*, Case No. S92A1499 (Ga. December 2, 1992)).

The following February, Martin pro se filed the motion for a second out-of-time appeal. He argued that his appellate counsel had rendered ineffective assistance on the first out-of-time appeal, and he asked that the court appoint new counsel and hear his motion. Without a hearing, the court in September 1996 denied new counsel and a second out-of-time appeal. This order gave rise to the appeal now before us.

Martin argues the trial court erred in four respects: (1) it failed to hold a hearing on his motion for a second out-of-time appeal; (2) it failed to appoint him counsel to represent him at this hearing; (3) it failed to grant his motion; and (4) it based its decision denying the motion on an earlier finding by the habeas court that Martin's trial counsel had rendered effective assistance.

Martin essentially claims that his appellate counsel rendered ineffective assistance, which precluded him on procedural grounds from pursuing an appeal to raise trial counsel's ineffective assistance. In such circumstances, Martin is entitled to a second out-of-time appeal if he can demonstrate (1) ineffective appellate assistance caused the failure to pursue the ineffective trial assistance claim and (2) he was prejudiced as a result. *White v. Kelso*, 261 Ga. 32, 33 (401 SE2d 733) (1991). Appellate counsel's error in failing to move for a new trial meets the "cause" requirement. See *Rowland*, supra, 264 Ga. at 876 (2) (appellate counsel's failure to perform routine duties constitutes cause); *McAuliffe v. Rutledge*, 231 Ga. 745, 746 (204 SE2d 141) (1974) (dismissal of appeal due to counsel's ignorance, negligence, or misinterpretation of the law constitutes cause).

But Martin cannot show he was prejudiced as a result of the error. Bibb Superior Court, which conducted an evidentiary hearing on the three grounds of his habeas corpus petition, held that the claim of ineffective assistance of trial counsel was "without merit." The principle of res judicata in OCGA § 9-12-40 applies to the rulings and findings of habeas courts. *Wells v. Keith*, 213 Ga. 858 (102 SE2d 533) (1958). The Bibb court's unappealed rejection of Martin's evidence and arguments is conclusive and binding on him.

Accordingly, appellate counsel's error in waiving this issue was harmless and did not prejudice Martin. Had appellate counsel proceeded properly, he would have filed a motion for new trial on the ineffective assistance issue in Turner Superior Court rather than filing a notice of appeal. In turn, Turner Superior Court necessarily would have rejected this claim, for the unappealed habeas decision had already ruled on the merits, adversely to Martin. Res judicata prevents reconsideration.

This brings us to Martin's motion for the second out-of-time appeal. Whether a hearing should have been held or counsel appointed is irrelevant because the court was required to rule

against Martin on his motion as a matter of law. Martin cannot show any prejudice caused by appellate counsel's error, for his ineffective assistance claim would have failed even if his appellate counsel had followed the correct procedure. Grounds for granting a second out-of-time appeal are lacking. See *White*, supra.

The facts of *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991), approximate the facts of this case. Having failed to appeal his conviction in Schley County, Hunter filed a habeas petition in Tattnall County where he was incarcerated, claiming as one ground ineffective assistance of counsel. The petition was denied, and no appeal was filed. He later moved for an out-of-time appeal in Schley County to allow him to appeal his original conviction, arguing that trial counsel had failed to file an appeal even though asked to do so. The trial court denied the motion as barred by the adverse ruling on the same issue in the habeas action. The Supreme Court of Georgia affirmed "because the issue of ineffective assistance of counsel was decided adversely to appellant in the . . . habeas action and that judgment is conclusive on the issue. [Cit.]" Id. at 762. See *Whatley v. State*, supra at 612 (3) ("The issue of ineffective assistance of trial counsel was decided adversely to Whatley in the habeas court's order [which] is conclusive on this issue"); *Judkins v. State*, 218 Ga. App. 767, 769 (3) (463 SE2d 362) (1995) (habeas finding on ineffective assistance of counsel conclusive).

Similarly, in *Crowder v. State*, 265 Ga. 719 (461 SE2d 865) (1995), the defendant alleged ineffective assistance of counsel in his first motion for an out-of-time appeal, which was denied and not appealed. In his subsequent repetitive motion, the court held that the ruling on his first motion was conclusive and barred the assertion of the ground; the Supreme Court affirmed. Cf. *Randolph v. State*, 220 Ga. App. 769, 770-771 (1) (470 SE2d 300) (1996), in which we reversed a judgment denying a motion for out-of-time appeal despite the existence of a habeas finding of effective assistance. The motion was denied the same day it was filed. It was error to do so without further inquiry, "[c]onsidering the magnitude of this event and the allegations contained in [the] motion." Id. at 771 (1). In Martin's case, the court considered the motion for seven months and considered the circumstances.

Citing *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991), Martin argues that the habeas court should have addressed only the first of the three grounds asserted in his petition (the request for an out-of-time appeal because his trial counsel failed to appeal as instructed) and should not have reached the issue of general ineffective assistance at trial. *Ponder* does state in dicta that "a habeas court, when confronted with a claim of ineffective assistance of counsel which includes a claim of denial of the right to a direct appeal,

should first address the denial of the right to an appeal. Upon a finding of such a denial, the habeas court should decline to rule on the remaining issues" and grant the out-of-time appeal. Id. at 842 (1); see *Wordu v. State*, 216 Ga. App. 552, 554 (2) (455 SE2d 101) (1995). In keeping with this holding, Bibb Superior Court should have ruled in Martin's favor on the out-of-time appeal issue and not addressed the ineffective assistance or other issue.

But Martin did not appeal the habeas court's order. Regardless of whether the habeas court should have declined to rule on the ineffective assistance claim as a matter of policy or lack of necessity, it did do so, and Martin did not appeal this ruling. So long as a habeas court has competent jurisdiction, res judicata bars the relitigation of "all matters put in issue or which under the rules of law might have been put in issue." OCGA § 9-12-40. The habeas court did have jurisdiction, just as the habeas courts did in *Hunter*, supra, *Whatley*, supra, and *Judkins*, supra. "Regardless of the correctness of that decision, it cannot be relitigated. [Cit.]" *Johnston v. Duncan*, 227 Ga. 298 (1) (180 SE2d 348) (1971).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1997.

Ronald R. Martin, *pro se.*
*C. Paul Bowden, District Attorney*, for appellee.