A98A0048. CHANEY v. THE STATE.
A98A0049. HYSMITH v. THE STATE.
A98A0050. SKIPPER v. THE STATE.
(500 SE2d 416)

BIRDSONG, Presiding Judge.

Appellants William D. Chaney, William M. Skipper and Ray Hysmith, and a large number of other persons, were charged by accusation with cruelty to animals in violation of OCGA § 16-12-4, for having intentionally encouraged another "to commit the crime of cruelty to animals by aiding in the holding of chicken fights, causing unjustifiable suffering to chickens." Appellants were found guilty and were each sentenced to 12 months in prison and to pay a $1,000 fine.

The State showed that an agent of the Department of Natural Resources, a corporal in law enforcement, was called to the scene of a possible cock fight in progress, and found a shelter located in the back of a field about 300 yards off a state road where a large number of vehicles were parked. The officer found buildings containing chickens, game cocks, and roosters, and a shelter hidden from the highway view by a felt curtain.

At this shelter, the officer observed two cock fights. The shelter

[34] 228 Ga. App. 507, 508 (2) (492 SE2d 271) (1997).
[35] *Creson v. State*, 218 Ga. App. 184, 186 (2) (460 SE2d 83) (1995).

was equipped with five rows of wooden bleachers down two sides of the shelter, and under the shelter there were three "pits" which were formed by lengths of tin roofing or other metal laid in a circle or square to a height of approximately two or three feet so as to be completely separated from the surrounding areas. There was a round main pit and two square side pits. A set of weighing scales was placed nearby with a note pad and a composition book containing the entrants' weights and numbers listed. The shelter was lit by fluorescent lights and was serviced by a barbecue grill and concessions selling hamburgers and hot dogs. The officer testified that as he arrived, cock fights were in progress in two of the three pits. In one square side pit, two fighting roosters were equipped with spurs which were attached to the chickens' feet with leather bands; these spurs were made of stainless steel and were curved "like an ice pick." When the officer arrived, he saw appellants Chaney and Hysmith standing in this pit with the chickens and a third person. Chaney had a three-foot stick in his hand. The pits were surrounded by people and there were people sitting and standing in the bleachers, shouting and cheering. In the center round pit the officer saw two fighting roosters accompanied by appellant Skipper and two other persons. The officer testified as to his experience investigating four cock fights, including the set up of cock fighting pits and record-keeping methods. He testified that the pit usually contains two fighting roosters and the two handlers who are "pitting" their roosters, and a referee. Only the roosters' handlers and the referee are allowed in the pits during cock fights.

The officer testified that when he arrived at the shelter there were about 125 persons watching and cheering the cock fights, although about 20 to 30 of those left when he yelled to get the crowd's attention. He saw two fights going on in two pits. In the square pit he saw appellants Chaney and Hysmith and a third person with two fighting roosters. Hysmith was in the pit, standing behind one of the fighting roosters. Chaney had a stick in his hands about three feet long, which he dropped when he saw the officer arrive. The officer saw Hysmith take one of the roosters out of that pit, take it to a vehicle and cut the spurs off. The officer got the spurs. He also got Chaney's and Hysmith's driver's licenses but the third person in the square pit left without being identified. The officer examined one of the roosters in this pit and found it to be exhausted, not moving and apparently injured. Appellant Hysmith removed the other rooster in the pit and cut off its spurs. Inside the main round pit were appellant Skipper and two other persons. Skipper was in the middle of that pit and tried unsuccessfully to leave the pit before the officer could get his identification. Later, in a cage behind a van near the shelter, the officer found an injured rooster with spurs tied to his feet. In other

areas he found about five dead roosters and several live roosters.

All three appellants contend they were entitled to directed verdicts of acquittal because there was no evidence they actually engaged in cruelty to animals, in that the officer never testified he saw any of the appellants hit a chicken, touch a chicken or arm a chicken in a fight with another chicken. Chaney and Skipper contend they were selectively prosecuted because the officer did not see them do anything more to an animal on that day than did the other people who were not charged. *Held*:

1. On appeal from a finding of guilty on a criminal charge, the evidence must be viewed in the light most favorable to support the finding of the trier of fact and the defendant no longer enjoys a presumption of innocence; the standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) the evidence was sufficient for a rational trier of fact to find that the defendant was guilty of the offense charged beyond a reasonable doubt and, where appellant contends the circumstantial evidence is insufficient to prove his guilt, to the exclusion of every other reasonable hypothesis. *Smith v. State*, 222 Ga. App. 701 (1) (475 SE2d 715); *Cody v. State*, 222 Ga. App. 468, 470 (1) (474 SE2d 669); *Lester v. State*, 226 Ga. App. 373 (487 SE2d 25). The evidence that it is customary procedure at cock fights to have only the fighting roosters' two handlers in the pit, with a referee, the evidence that each of the appellants was found in one of the pits with two other persons, and the other evidence of their acts observed while they were in the pit, including Chaney's dropping of his stick and Skipper's attempt to flee the pit without giving identification and Hysmith's acts in removing one of the roosters and cutting off its metal spurs, was sufficient to authorize a conviction for aiding and encouraging cock fighting and cruelty to animals, beyond a reasonable doubt and to the exclusion of any other reasonable hypothesis. *Smith*, supra; *Cody*, supra; and *Lester*, supra.

Appellants contend this case is equal in lack of evidence as *Brackett v. State*, 142 Ga. App. 601, 602-603 (236 SE2d 689), so as to demand a directed verdict of acquittal. In *Brackett*, however, "[t]he only evidence that the appellants committed an act of cruelty to the gamecocks was that they were among the spectators. While it is obvious that someone among the group arranged the fight, set up the pit, and strapped on the spurs, there was no showing that any of the individual appellants had done any of these acts." Id. at 602 (2). In the case now before us, the evidence viewed in favor of the jury's verdict shows that it is customary procedure in cock fighting to allow only the birds' two handlers and a referee in the pit, and each of the three appellants in this case was clearly observed in a pit during a cock

fight with two other persons. Moreover, Chaney was seen in a pit with fighting roosters, holding and dropping a three-foot stick; Skipper was in the center of a pit and tried to flee; and Hysmith picked up one of the fighting chickens and took charge of it, removing its spurs. The evidence shows that each pit was about ten to twelve feet in diameter, was large enough to hold many men but held only three and was clearly and distinctly walled off in a knee-high metal circle or square designed to keep spectators out of that fighting area for a distance of several feet, with the result that persons standing in the pit would be clearly distinguishable from persons standing outside the pit. The evidence altogether is amply sufficient to support the findings of guilt for cruelty to animals by aiding and encouraging a cock fight in violation of OCGA § 16-12-4.

2. The issue of selective prosecution was not raised in the trial court and cannot be addressed on appeal for the first time. See *Rinker v. State*, 228 Ga. App. 767, 768 (492 SE2d 746). Even if it had been properly raised, however, we would find no merit in this objection, for these prosecutions were not arbitrary but were based on the fact that appellants were not merely spectators but were the persons observed in the pit with the roosters. See *Staples v. State*, 209 Ga. App. 802, 806 (6) (434 SE2d 757).

*Judgments affirmed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 17, 1998.

*Dillard & Tucker, Rebecca R. Crowley, Mary E. Lysak*, for Hysmith.

*Charles D. Joyner*, for Chaney and Skipper.

*Michael D. DeVane, Solicitor*, for appellee.