A98A0081. JONES v. THE STATE.
(502 SE2d 345)

SMITH, Judge.

Sherri K. Jones was indicted by a Baldwin County grand jury for the offense of cruelty to children, OCGA § 16-5-70 (b). She was convicted by a jury of the lesser included offense of simple battery. Jones filed multiple motions for new trial and for modification or reduction of her sentence. The trial court granted Jones's motion to modify her sentence but denied her motion for new trial in a lengthy, thorough, and complete order addressing the issues raised by Jones below and reiterated on appeal. We agree with the trial court's reasoning and affirm.

1. Jones's contention that the evidence is insufficient to sustain her conviction is without merit. The victims' videotaped statements

and statements to other witnesses, admitted pursuant to OCGA § 24-3-16, were sufficient to support her conviction for simple battery under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Kapua v. State*, 228 Ga. App. 193, 194-195 (491 SE2d 387) (1997) (child's videotaped statements and statements to others sufficient to support conviction for child molestation and cruelty to children). See also *Bryant v. State*, 226 Ga. App. 135, 136 (1) (486 SE2d 374) (1997) (testimony of victim sufficient to sustain conviction for simple battery). In addition, the children's grandmother videotaped their injuries, and this tape was shown to the jury.

2. Jones also enumerates as error the trial court's refusal to allow her to testify that "one of the kids made a complaint about Brandon," a neighbor's child. Jones now contends that this testimony should have been admitted under the Child Hearsay Rule, OCGA § 24-3-16. But this statute is applicable only to "any act of sexual contact or physical abuse" witnessed by or directed to the child, and Jones never made a proffer to the trial court to show that the excluded testimony concerned such conduct. We therefore do not reach this issue. To challenge the exclusion of evidence on appeal, the appellant must make a proffer of that evidence and demonstrate its materiality to the trial court. "It is not sufficient in an appellate brief to call attention to error. The error, if any, must have been committed at trial and the ruling must have been made, not on a question only, but in light of the facts about which the witness would have testified." (Citations and punctuation omitted.) *Hurston v. State*, 194 Ga. App. 226, 227 (390 SE2d 119) (1990). We also note that Jones successfully moved to *exclude* other statements from one of the children that Brandon may have injured him.

3. In Jones's final enumeration of error, she contends the trial court erred in allowing an expert witness to testify to the ultimate issue in this case. The witness, however, did not testify that in her opinion the children had been abused or that they had been abused by Jones. Rather, the questions and answers were phrased in terms of whether the results of the witness's professional observations and testing of the children were "consistent with a child who has been . . . abused." This conclusion is within the bounds of permissible expert testimony. See generally *Allison v. State*, 256 Ga. 851, 853 (5), (6) (353 SE2d 805) (1987); *Hilliard v. State*, 226 Ga. App. 478-481 (1) (487 SE2d 81) (1997); *Remine v. State*, 203 Ga. App. 30, 31 (2) (416 SE2d 326) (1992).

Moreover, Jones failed to object to this testimony at trial. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the appealing party might have. The reason for this rule is clear. If the appellant has an objection, there is an obligation to call

the matter to the court's attention so the trial judge will have an opportunity to remedy the situation." (Citations and punctuation omitted.) *Banks v. State*, 201 Ga. App. 266, 269 (2) (410 SE2d 818) (1991). See also *Kapua v. State*, supra at 196 (2). While Jones also complains that the prosecutor improperly argued to the jury the ultimate conclusion in the case, "the contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct. Prosecutorial conduct not objected to at trial will not warrant reversal on appeal." (Citations and punctuation omitted.) Id.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 8, 1998.

*Lettie E. Lane*, for appellant.
*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.