### A98A1993. MACKEY v. THE STATE.
(509 SE2d 68)

BEASLEY, Judge.

A jury found Abner Clark Mackey guilty of both rape (OCGA § 16-6-1) and child molestation (OCGA § 16-6-4), as charged in an indictment, based on one incident of forcing his 15-year-old female employee into sexual intercourse. Merging the two counts for sentencing, the court entered a judgment of conviction and sentence on the rape count alone. Mackey enumerates three errors. The first two concern alleged ineffective assistance by the post-judgment attorney handling the motion for new trial, i.e., failure to contend that the trial attorney did not (a) pursue a plea in bar based on double jeopardy or (b) raise an issue of selective prosecution. The third enumeration is that the victim's examining physician was permitted to testify that his findings were consistent with a sexual assault.

1. "An accused may be prosecuted for both rape and child molestation based upon the same conduct, but he may not be convicted of both."[1] Even though the rape and child molestation guilty verdicts arose out of the same act of intercourse, trial counsel did not raise a double jeopardy claim on this ground, and post-judgment counsel did not present this omission in the motion for new trial as an instance of ineffective assistance. Failure of post-judgment counsel at the new trial hearing to raise a particular ground for ineffective assistance against trial counsel waives appellate review.[2]

Mackey, representing himself on appeal, claims post-judgment counsel rendered ineffective assistance in waiving this point. Although remand and a hearing on an ineffective assistance claim against post-judgment counsel are generally in order,[3] it is unnecessary here because the matter is determinable from the record.[4]

Trial counsel's failure to pursue a futile motion or plea does not

---

[1] *Lamar v. State,* 243 Ga. 401, 403 (3) (254 SE2d 353) (1979); see OCGA § 16-1-7 (a); *Wofford v. State,* 226 Ga. App. 487, 488 (1) (486 SE2d 697) (1997).

[2] *Hayes v. State,* 262 Ga. 881, 882 (2) (426 SE2d 886) (1993); *Stone v. State,* 229 Ga. App. 367, 370 (2) (494 SE2d 48) (1997); *Keanum v. State,* 212 Ga. App. 662, 663 (1) (442 SE2d 790) (1994) (specific grounds for ineffective assistance not raised in pleadings or at hearing are waived).

[3] *Martin v. State,* 228 Ga. App. 548, 549 (492 SE2d 307) (1997).

[4] See id. at 550; *McClain v. State,* 226 Ga. App. 714, 719 (5) (487 SE2d 471) (1997); *Elrod v. State,* 222 Ga. App. 704, 705 (475 SE2d 710) (1996) (where record sufficient, appellate court may decide ineffectiveness issue without remand).

constitute ineffective assistance.[5] Thus, post-judgment counsel's decision to omit such a claim against trial counsel would also not constitute ineffective assistance.

A plea based on double jeopardy would yield no surcease from the conviction. No double jeopardy claim arose, for Mackey was not convicted of both counts. The court merged the two guilty verdicts and entered a judgment of conviction and sentence only on the rape count. "Conviction is not the verdict; it is the judgment on the verdict or guilty plea. Therefore, although OCGA § 16-1-7 (a) provides that one cannot be 'convicted' of more than one crime arising from the same conduct, this Code section has no application to the verdict."[6] Mackey does not stand convicted of the child molestation count.[7]

Mackey also argues that the court erred in (a) refusing to give his request to charge the lesser offense of child molestation (citing *Parker v. State*[8]) and (b) instructing the jury that "[s]exual acts directed to children are, in law, forcible and against the will of a child." These asserted deficiencies are not considered on appeal because a party may not expand his enumeration of error by argument and citation in the brief.[9]

Moreover, the claim would fail. Not only did the court charge the jury on the lesser offense, but the jury found Mackey guilty on this count. The court was authorized to sentence on the greater offense nevertheless.[10]

2. Mackey claims that post-judgment counsel also failed to complain of trial counsel's choice not to raise selective prosecution as a defense. Trial counsel's omission waived the issue on appeal,[11] and post-judgment counsel's omission of this ground for an ineffective assistance assertion likewise waived this ground for appellate review.[12] But because selective prosecution as a defense would have failed, neither trial counsel's nor post-judgment counsel's actions were constitutionally wanting.[13]

"To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing at least prima facie, (1) that, while others similarly situated have not generally

---

[5] *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994).

[6] (Citation and punctuation omitted.) *Sartin v. State*, 223 Ga. App. 759, 761-762 (4) (479 SE2d 354) (1996); see *Walthour v. State*, 269 Ga. 396, 399 (3) (497 SE2d 799) (1998); Black's Law Dictionary (5th ed.), p. 301.

[7] *Glisson v. State*, 181 Ga. App. 585 (1) (353 SE2d 202) (1987); see *Hoover v. State*, 198 Ga. App. 481 (2) (402 SE2d 92) (1991).

[8] 256 Ga. 543, 548 (2) (350 SE2d 570) (1986).

[9] *Steed v. Deal*, 225 Ga. App. 35 (2) (482 SE2d 527) (1997).

[10] See, e.g., *Glisson*, supra, 181 Ga. App. at 585 (1).

[11] *Chaney v. State*, 232 Ga. App. 297, 300 (2) (500 SE2d 416) (1998).

[12] *Hayes*, supra, 262 Ga. at 882 (2).

[13] See *Roberts*, supra, 263 Ga. at 809 (2) (e).

been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights."[14]

Mackey has only alleged that the victim's teenage boyfriend, who allegedly had intercourse with the victim two weeks before the rape, was not also prosecuted for child molestation and rape. But Mackey had to show "that others *generally* are not prosecuted for the same misconduct. . . ."[15] Not only was the misconduct materially different, but identifying only one other person who was not prosecuted is normally insufficient.[16]

As to the second element, *Sabel v. State*[17] emphasized that "[s]ome selective enforcement is not in itself a constitutional violation. To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification."[18] No discriminatory motive is evident. To the contrary, it is not arbitrary for the State to prosecute a 57-year-old employer who forced himself upon his 15-year-old student trainee, and not to prosecute the victim's peer boyfriend with whom she willingly (although this "consent" was legally ineffectual[19]) engaged in intercourse.

3. Mackey contends, unsuccessfully, that the court erred in allowing the victim's physician to testify that, based on the child's history and the physician's physical findings, her findings from the physical examination were "consistent with sexual assault" to a reasonable degree of medical certainty. The State did not ask, and the physician did not testify, whether she believed the victim had been sexually assaulted. Testifying that the results of an examination are consistent with sexual assault does not address the ultimate question of fact (whether Mackey raped or sexually molested the child) and is "within the bounds of permissible expert testimony."[20] It would

---

[14] (Citations and punctuation omitted.) *Carver v. State*, 185 Ga. App. 436, 438 (3) (364 SE2d 877) (1987).

[15] (Emphasis in original.) *Gayton v. State*, 184 Ga. App. 387, 388 (361 SE2d 691) (1987).

[16] Id.

[17] 250 Ga. 640, 643 (4) (300 SE2d 663) (1983), overruled on other grounds, *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984).

[18] (Citations omitted.) *Sabel*, supra, 250 Ga. at 643 (4).

[19] See *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178) (1997); *Richardson v. State*, 256 Ga. 746, 747 (2) (353 SE2d 342) (1987); *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987).

[20] *Jones v. State*, 232 Ga. App. 505, 506 (3) (502 SE2d 345) (1998); *Brooks v. State*, 231 Ga. App. 561, 565 (5) (500 SE2d 11) (1998); see *Allison v. State*, 256 Ga. 851, 853 (4)-(6) (353

not be within a jury's ken to draw a professional inference from medical evidence gathered through expert examination.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 5, 1998 —
RECONSIDERATION DENIED NOVEMBER 12, 1998

Abner C. Mackey, *pro se.*

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys,* for appellee.